United States District Court
For The State Of Rhode Island

Oliver Lyons — 42 USC 1983
v — Civil Action
Ashbel T Wall II Etal — Ca No.
Walter Whitman
Deputy Hilterman
Warden Mc Cauley
Deputy Kettle

[redacted] 05 433 ML

Jurisdiction

This Court has lawful Jurisdiction over this legal action pursuant to section 42 USC 1983

Parties

The Plaintiff is a 55 year old White male in the custody of Defendant officials at the Department of Corrections in Cranston Rhode Island 02920

Defendants

The Def Officials Wall Whitman Hilterman Mc Cauley and Kettle are being sued in both their individual as well as official capacity viz on the theory of respondent Superior.

The Defendants Clancy Bartholomy Barney and officers Delaney and Raposa, Lombardi are being sued in both their individual and official capacities and make up the rank and file

At all times material and relevant to the facts alleged in this Complaint Defendant Official and their agents acted under the color of R I G L State Law

Lyons VS A.T. Wall Etal Complaint

This is a civil action lawsuit being brought and filed by the Plaintiff Pro Se Oliver Lyons a Rhode Island State prisoner in the care and custody of Defendant Wall Etal

Pursuant to U.S.C 42 1983 the Plaintiff alleges the violation and abridgement of Constitutionally protected rights under the 8th and 14th Amentments to be protected from Cruel and Unusual Punishment and the right to Due Process of Law

The Plaintiff also seeks the right to a jury trial on Demand, a Declaratory judgment that holds Def officials responsible for their wrongful misconduct and actions, monetary damages and injunctive relief.

# Facts and Travel Of Case

On September 2, 2004 the Plaintiff Oliver Lyons filed a Complaint Ca No 04 380T in United States District alleging Violations of his rights under the 8th and 14 Amendments to the United States Constitution.
Named Defendants were officials and rank and file at High Security A.C.I in Cranston Rhode Island 02920
On November 9, 2004 the Plaintiff was moved to Intake Service Center Segregation from High Security Segregation.
After the law suit was filed on September 2, 2004 the abuse and threats were so bad the Plaintiff was moved to Intake Segregation.
At Intake the abuse continued and he was denied law cart book cart legal access hot showers reading books outdoor recreation and was assaulted by another inmate while cuffed and escorted by officer Lombardi.

The assault could have been prevented by officer Lombardi if he followed policy per an inmate Classified High Security Segregation S R G.
The injuries to the Plaintiffs knee caused additional damage to his knee that was injured in an assault at High Security and where an M R I on November 14, 2001 showed 3 torn ligaments.
Because of officer Lombardi's deliberate indifference to D.O.C policy the Plaintiff sustained more damage to his knee and had to have another M R I on Nov 19, 2004.
For months and months although I put in numerous requests I was still denied a law cart legal access book cart hot showers library books outdoor recreation and my knee brace was thrown away in the committing room at Intake.
I was booked on a regular basis for unfounded allegations of discipline infractions.

Lyons V A.T. Wall et al Complaint

I wrote the Director telling him I was being denied a law cart book cart library book legal access hot showers outdoor recreation magazines and that I had put in numerous requests to LT Barney CO Raposa officer Delaney and others.

On January 19, 2005 Deputy Warden Carusa wrote Director A.T. Wall II a letter stating that "Mr. Lyons could not produce any request forms he allegedly submitted. He did not have any requests nor could he be specific about any materials requested."

This was outright lies by Deputy Carusa.

I then submitted numerous request forms to Director A.T. Wall all signed by officers showing I requested legal materials reading materials hot showers outdoor recreation and being locked down before being found guilty of a discipline infraction.

There also isn't magazines or newspapers allowed at Intake Segregation

On March 22 05 Director A T Wall wrote Deputy Caruso saying "I am enclosing Mr. Lyons letter to me and numerous requests forms addressed to LT Barney CO Raposa and another CO That was law library officer Delaney

In his letter to Deputy Caruso The Director states

"Mr. Lyons concerns/complaints involve access to legal material reading material hot showers outdoor recreation and being locked down before being found guilty of a discipline infraction

This confirmed that LT Barney officers and the Deputy were liars.

LT Barthalamy came to my cell and stated "Mr Lyons its pains me to say this but you are right about a law cart book cart library books and hot water."

LT Bartholomy is a very fair and honest man but he must take responsibility for Violations of the Plaintiffs rights under the Constitution.

LT Barney was deliberately indifferent to my abuse and Due process and continues to be and is one of the Defendants most culpable and he continues to ignore all requests.

The day I received a copy of Director Walls letter to Deputy Caruso was March 22, 05 the same day Deputy Caruso received it.

That same day March 22, 05 I was told I was being moved to Med'l Segregation. When I arrived at Med'l Seg. although I was Classified High Security SRG I was allowed to take recreation with Med'l inmates and I was also given Med'l cellmates!! I was not cuffed for showers!

All this is contrary to D.O.C policy for a High Security Classified SRG Seg inmate!

But I did not complain and was well like by all staff and inmates.

I want the court to be aware that I am called Violent hostile delusional assaultive and psychotic and the worst

inmate in the Department of Corrections.
At Med l I received hot showers, law cart, book cart, magazines, Law clerk legal materials, and newspapers. and was always given food and medication The Plaintiff taking recreation with Med l inmates and having Med l cellmates and not being cuffed for showers is very well documented!
From March 22, 05 when I arrived at Med l until I went to the Classification Board in July 2005 I, did not have one. discipline infraction!
I was expecting to get some relief. What I received was one ignorant arrogant Classification Board Chairman who told me "What you're going to get Mr. Lyons is Diesel therapy. He told me you will stay High Security C.R.C.
I was shocked but didn't take the bait and go off and get booked! What I did was write Director Wall when I returned to my cell.

I remained discipline free and in the month of August still booking free I was taken into a holding cell with a camera in it and in walked Warden Whitman the Warden at Med I and Deputy Hilterman the Deputy at Med I and Captain Vitale. I was told I was being put in population at Med I and I would have a T.V. Radio and many other things population inmates gets.

After 5 years and more in a Segregation cell I'm not ashamed to say I started to cry. The Deputy Hilterman said If you give us another 6 months discipline free I'll suspend your Seg time and then Warden Whitman said "I will expunge your Segregation time" The Warden said "We are putting an inmate in your cell because in population you will have a cellmate"

I told the Warden I've had cellmates since I got to Med'l Security Segregation.
I believe the Warden was shocked
On August 15, 2005 I was put in population in Med'l Security with a cellmate and I had a T.V. radio and many other things.
Three hours later I was told to cuff up I was going back to Segregation.
I didn't do anything and wasn't disciplined or booked.
Records document this!!!
This was a very cruel thing to do to a person and I must say I was emotionally wrecked.
On August 20th 05 I was booked for Disobedience
On August 23, 05 I was returned to the Intake Service Center.

Lyons V Wall Etal Complaint



In April 2005 I had my 3rd MRI on my leg while I was at Med 1.
I have now been at Intake Security Segregation and once again being denied law cart book cart hot shower magazines and newspapers.
But my abuse is now worst because I have ask that cuffing policies for a High Security S.R.6 inmate be followed.
This way they can't say I attempted to assault anyone and assault me.
There isn't any locked recreation cage only outside and I'm denied that. So for my full hour recreation I am cuffed behind my back!
I am not allowed to shave in my cell per D.O.C. policy for a High Security inmate and not allowed to use the mirror in the shower area.
I am made to go into a ice cold shower and told to shave without a mirror!

Since my return to Intake I have had most of my property discarded My Court clothes shirt, pants, and sweater are in my Court transcripts. Boots, glasses, soap, razors, dictionarys and most important are medical records that Defendants in My Complaint Ca No 04 380T came over from High Security and removed from my cell.
Captain Clancy said "they should not have searched your cell" "I would not have allowed that." The Defendants were part of a tactical team and were going to gas me and not follow the cutting policies!
My abuse continues unabated and it seems there isn't any end in sight.
I am denied my medication if I write the nursing Director Colleen Capezza and all my Requests to her are destroyed.
I am still without a knee brace or operation for over 4 years

Claims 1

1st cause of action

The Plaintiff states and asserts that the Defendant official Wall Etal Violated the 8th Amendments prohibition against cruel and unusual punishment by subjecting him to an assault causing much pain and more suffering because policy wasn't followed, cold showers, no outside recreation and no book cart magazines or newspaper making his conditions of confinement cruel and unusual from Nov 9, 2004 through March 22, 05 when the Plaintiff was moved to Med 1 Security and was discipline free from March 22 05 - August 20, 05 and the Plaintiff was put in population at Med 1 on August 15, 2005 with a TV Radio magazines, newspapers hot showers and then returned to Seg at Med 1 3 hours later without a discipline infraction.
This caused much emotional trauma to the Plaintiff who has been in a Segregation cell for 5 years 6 months consecutive.

1st Cause of action Claims

This was done willfully and was malicious and caused much damage to the Plaintiffs phyche.

Then the Plaintiff was moved back to Intake Segregation on August 23, 05 and is being booked and locked down on fabricated bookings.

The Plaintiff still must take cold shower because there still is hot showers and now because the Plaintiffs wants cuffing policies followed so he can't be set up the Plaintiff must take his one hour recreation while cuffed behind his back.

Because Intake officers will not allow the Plaintiff a razor in his cell he must shave without a mirror in a cold shower.

There isn't any locked recreation cage and they refuse to put the Plaintiff in an outside locked recreation yard so he is cuffed behind his back.

# Legal Arguments

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrunity under the 8th Amendment Helling v McKinney 509 U.S. 25 31 113 S CT 2475 2480 1993 when prison officials intentionally place prisoners in dangerous surroundings.... When they are deliberately indifferent either to prisoner's health or safety, they violate the Constitution Cortes Quinones v Jimenez Bettleship 842 F 2 D 556 558 1st Circuit 1988

Claims

2nd Cause of action:

The Defendants Violated the Plaintiffs Due Process by him being denied a law cart legal materials, law clerk and by willfully knowingly and deliberately destroying all requests put in to various officers for many items and complaints about showers in addition to legal materials and other things like books magazine recreation and being locked down before found guilty by the Discipline Board.

The Plaintiff is booked without any substantial or without any evidence whatsoever and always found guilty.

This has caused the Plaintiff significant hardship by the Plaintiff being locked in a Segregation cell for 5 years 6 months consecutive.

This is a State created loss of the Plaintiffs liberty and causes much emotional pain and suffering.

This is done willfully knowingly and with Malicious intent.

This is enumerated in page 1-11 of the Plaintiffs Complaint

The Plaintiff will submit letters from Director Wall and Deputy Caruso as Exhibits.

2nd cause of action

Legal Argument

For Defendant officials to be held responsible in violation of a Plaintiffs Due Process rights they must have first subjected him to significant hardship in relation to ordinary incidents of prison life. Sandin V Conner U.S. Supreme Court 515 U.S. 472 484 1995 as the standard of review set by the High Court to determine whether there is a State created liberty interest.

The Plaintiff would argue that if not for the his bookings without any substantial evidence or any evidence whatsoever in almost all of his bookings that the Plaintiff would not have been locked in a punitive Segregation cell for 5 years 6 months Consecutive. In Sandin V Conner Conners loss of freedom or liberty was for 30 days and his conditions of confinement mirrored those of inmates in protective custody or administrative Segregation.

That is not the case with the Plaintiff. The Plaintiffs conditions of confinement cause much more significant hardship and 5 years 6 months in a punitive Seg. cell is much more severe and cruel.

Relief

To have a Federal cause of action under 42 USC 1983 a Plaintiff must demonstrate that

1 That his or her rights and privileges or immunities secured by the Constitution or laws of the United State were depived

2 That the challenged conduct was committed by a person acting under the color of State Law West v Atkins 487 U.S. 42 48 1988

7

Relief

The Plaintiffs allegations contained in his Complaint here should not be held to the same standards of pleading required by lawyers Haines V Kerner 404 United States Supreme Court.

Where upon, The Plaintiff seeks and believes himself to be entitled to the following relief to be provided and granted by the Honorable Court

A Preliminary injunctive relief that halts and put an end to Defendants officials continuous practice of physical assaults and abuse of the Plaintiff that has gone on for 5 years 6 month in punitive Segregation
The Plaintiff seeks immediate relief

B A Jury Trial on demand

Relief

C A declaratory Judgment against the actions of Defendants Wall Etal in of Plaintiff.

D A Court order directing Defendants to put the Plaintiff back in population and provide the Plaintiff with the benefits of a population and to explain to the court why the Plaintiff has been moved to Med / Security 3 times and to Intake 3 times from high Security.

E Punitive and compensatory monetary damages in the amount of unspecified to be determined by a jury or Justice.

F Costs of legal expenses incurred to be paid to the Plaintiff and/or lawyers

G Barr the Defendants from retaliating against the Plaintiff like they have since the filing of Ca No 04 380T in United States District Court The Plaintiff is constantly threatened and harassed in every conceivable way imaginable and believes he

will continue to be so long as he remains in the custody and charge of Defendant officials A T Wall Etal

H An other relief this Honorable Court determines would end the Plaintiff abuse and to be just and fair.

Oliver S Lyons
Plaintiff Pro Se
Oliver Lyons
P.O. Box 8249
Intake Service Center
Cranston, Rhode Island 02920

10

# Verified Complaint

This is a verified Complaint. The undersigned clearly attest under penalty of perjury that the facts alleged in this Complaint are true and correct to the best of my knowledge and belief

Olive S Lynn
Plaintiff Pro Se

Sworn and subscribed to before me on this 11th day of October 2005

Notary Public

[signature]

My commission expires

MATTHEW A. KETTLE
Notary Public State of Rhode Island
No. 53503
Commission Expires June 23, 2008

STATE OF RHODE ISLAND — MATTHEW A. KETTLE — NOTARY PUBLIC