UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 05-433 ML

A. T. WALL, II, et al

**DEFENDANTS' MOTION TO DISMISS**

Now come all Defendants and hereby move to dismiss the instant action pursuant to the Federal Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that I mailed a true copy of the within Defendants' Motion To Dismiss and accompanying Memorandum to Oliver Lyons, P. O. Box 8249, Cranston, R. I. 02920 on the 15th day of November, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 05-433 ML

A. T. WALL, II, et al

**MEMORANDUM**

Plaintiff, a Rhode Island penal inmate, has brought the instant action pursuant to 42 U. S. C. § 1983 alleging unconstitutional conditions of confinement. Plaintiff also claims that certain defendants fabricated disciplinary bookings subjecting him to terms of segregation.

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

In Rule 12(b)(6), motion should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Conley v. Gibson**, 355 U. S. 41, 45-46 (1957) (footnote omitted); see also, **Ferrante v. Moran**, 618 F.2d 888-890 (1st. Cir. 1980). In making that determination, the complaint should be construed in the light most favorable to the Plaintiff. e.g., **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F. 2d 13-16 (1st. Cir. 1989). Every doubt should be resolved in a way most beneficial to the Plaintiff. e.g., **Klimas v. International Tel. and Tel. Corp.**, 297 F. Supp. 937, 938 n.2 (D.R.I. 1969), and all well-pleaded allegations of the Plaintiff's complaint should be accepted as true. e.g., **Miree v. DeKalb County**, 433 U. S. 25, 27 n.2 (1977). That is particularly true when the complaint is filed by a pro litigant, whose

pleadings are held to a somewhat less stringent standard than those drafted by lawyers. **Haines v. Koerner**, 404 U. S. 519 (1972).

**Rule 56**

Rule 56 of the Federal Rules of Civil Procedure provides the granting of summary judgment when the moving party has "shown that there is no genuine issue as to any material fact and that . . . [they are] . . . entitled to judgment as a matter of law." The moving party bears the burden of initially showing that there are no genuine disputes as to material facts in the case. **Adickes v. F. H. Kress & Co.**, 398 U. S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). Whether in fact the material to the outcome of the case is determined by the substantive law governing the issues. **Anderson v. Liberty Lobby, Inc.**, 447 U. S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The movant may discharge this burden by demonstrating that there is an absence of evidence to support the contentions on which the non-moving party would have the burden of proof at trial. **Sealotex Corporation v. Catrett**, 477 U. S. 317 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has come forward with such a showing, the burden shifts to the opposing party to establish that there are material facts in dispute. **Matsushita Electric Industrial Company v. Zenith Radio Corp.**, 475 U. S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The non-moving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Federal Rule of Civil Procedure 56(e). The non-movant must do more than simply show that there is "some metaphysical doubt as to the material facts." **Matsushita** at 596. Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. To avoid summary judgment, enough evidence must favor the non-moving party's case

such that a jury could return a verdict in its favor. See, **Anderson v. Liberty Lobby**, 477 U. S. at 248 (1986) (interpreting the "genuineness" requirement).

Most of the Defendants who are named as parties to the instant suit possess duties that are supervisory in nature. The great weight of allegations against the Defendants fail to allege any wrongdoing by any of the Defendants. However, it is also clear that Plaintiff seeks to hold the supervisory Defendants responsible under a theory of *respondeat superior*. See Plaintiff's Complaint, p. 2.

A supervisor may be found liable only for his own acts or omissions. **Febus-Rodriguez v. Betancourt-Lebron**, 14 F.3d 87, 91-92 (1st Cir. 1994). The complaint is absolutely devoid of any allegation against any of the supervisory defendants directly in that they personally committed wrongdoing, and they may not, as a matter of law, be held accountable for the actions of subordinates, simply because they are supervisors over the same.

**EIGHTH AMENDMENT/CONDITIONS**

The correct standard for an Eighth Amendment conditions of confinement claim requires a knowing disregard of "excessive risks to inmate health or safety." **Farmer v. Brennan**, 511 U.S. 825, 837 (1994). Furthermore, the condition must deprive the inmate of the "the minimal civilized measure of life's necessities" and the official involvement of a "sufficiently culpable state of mind" amounting to "deliberate indifference" to a "substantial risk of serious harm to an inmate." **Barney v. Pulsipher**, 143 F.3d 1299, 1310 (10th Cir. 1998).

**CLAIMS AGAINST DEFENDANT A. T. WALL, II**

The only allegations asserted against Defendant A. T .Wall, II, Director of the Rhode Island Department of Corrections indicate that the Plaintiff sent copies of numerous request forms to Director Wall that Plaintiff previously sent to other prison administrators concerning legal/reading materials and other issues concerning his conditions of confinement. See pg. 4 of Plaintiff's Complaint. Plaintiff also alleges that on March 22, 2005, Defendant Wall forwarded to Deputy Warden Caruso the Plaintiff's correspondence that Director Wall had received indicating that the materials being forwarded involve access to legal materials and other conditions of confinement. See pg. 5 of Plaintiff's Complaint. These are the only allegations asserted against Defendant Wall. Plaintiff fails to allege any specific wrongdoing on the part of Defendant Wall, and to the contrary, the allegations in the Complaint demonstrate that Defendant Wall, upon receiving the correspondence from the Plaintiff, forwarded the same to Deputy Warden Caruso[1] in order to address the Plaintiff's concerns. Wall took measures to address Plaintiff's concerns. All other general claims in the Complaint asserted against "all defendants" constitute nothing more than unsupported conclusions, suppositions and generalities based on the fact that the complaint is devoid of any specific allegation of wrongdoing on the part of Defendant Wall and other conclusions and generalities. Plaintiff has failed to state a claim upon which relief can be granted in this Honorable Court. **Merritt v. Auylmer, etc.,** 1992 U.S.A. pp. Lexis 28857, citing **The Dartmouth Review v. Dartmouth College**, 889 F. 2d 13, 16 (1st. Cir. 1989).

[1] Deputy Warden Caruso was posted in the same facility as Plaintiff.

**DEFENDANT CORRECTIONAL OFFICER LOMBARDI**

Plaintiff alleges that on September 2, 2004, Lombardi escorted him from the High Security Center to Intake, and that during the escort, he was attacked by an inmate; the assault could have been prevented by Lombardi, if he followed policy per inmate classification, High Security segregation. Plaintiff's knee was additionally injured and aggravated a pre-existing injury that was shown by MRI on November 14, 2001 showing three torn ligaments. Lombardi conducted himself with deliberate indifference. Plaintiff needed a second MRI on November 19, 2004, **pp. 2 & 3**.

Plaintiffs' allegations with respect to Defendant Lombardi must fail. First, Plaintiff fails to identify the inmate that attacked him during his escort, how it could have been prevented by Defendant Lombardi, which policy was not followed by Defendant Lombardi and how the policy was not followed; plaintiff also fails to identify the exact aggravated injury he allegedly suffered, and accordingly, as a matter of law, he failed to allege any culpable conduct amounting to deliberate indifference.

Additionally, Plaintiff in conclusional fashion simply alleges that Defendant Lombardi conducted himself with deliberate indifference, and failed to allege that he had a requisite state of mind or intent for Plaintiff to be harmed by the other inmate. Even under a negligence standard, the Plaintiff fails to aver that the Defendants knew, or had reason to know, that he was in danger by an attack from another inmate. See **Saunders v. State**, 446 A.2d 748 (R. I. 1982). Based on the bare conclusions and generalities, Plaintiff has failed to state any claim by which relief could be granted in this Honorable Court.

Finally, Plaintiff's allegations against Officer Lombardi must fail on the grounds that the Department's medical records pertaining to the Plaintiff for September, 2004 do not indicate that the Plaintiff was either attacked or sustained any injuries. Plaintiff alleges that his knee was injured and aggravated, however, an ACI nursing contact notes showing entries made from May through October, 2004 only show two (2) entries for September of that year. First, there is an entry dated September 7, 2004, which indicates "inmate states he shaved with a razor that belonged to another inmate, who has Hepatitis C. Seen by Dr. Poshkus. Lab ordered." The second entry, dated September 8, 2004 states "inmate refused blood work." Additionally, ACI physician contact notes for September, 2004 indicate "asked to be seen for using razor of inmate with Hepatitis C. No obvious blood noted on razor." See attached ACI Contact Notes. Accordingly, in the alternative, Defendant Lombardi should receive judgment in his favor based on the undisputed facts presented in the medical contact notes and that Plaintiff can prove no set of facts to support said claim.

**DEFENDANTS LIEUTENANT BARNEY,**
**CORRECTIONAL OFFICERS RAPOSA AND DELANEY**

The only allegation asserted against these Defendants is that Plaintiff submitted numerous requests to the Officers, for example, to have access to the law book cart, library books, legal access, hot showers, outdoor recreation and magazines. However, these allegations are misplaced and must fail. In **Figueroa v. DiNitto**, [2] The United States Court of Appeals For The First Circuit ruled that the inmate being confined to his cell for twenty-three (23) hours a day without radio or TV, leaving only for showers and

[2] **Figueroa v. DiNitto**, 1st Cir. No. 02-1428 Dec. 9, 2002 not published. See Attachment.

recreation, including five (5) hours of exercise per week, being deprived of access to prison work, school or study programs fell short of stating a claim under the Eighth Amendment based on conditions of confinement because "routine discomfort" is part of the penalty inmates pay for their crimes. In Re **Long Term Administrative Segregation of Inmates Designated as Five Percenters**, 174 F. 3d 464, 471-72 (4th Cir.); Sub Nom. **Mickle v. Moore**, 528 U. S. 874 (1999); **Hudson v. McMillan**, 503 U. S. 19 (1992). The First Circuit in **Figueroa** held that as here, these types of allegations concerning conditions of confinement do not establish the kind of "extreme deprivation" that might violate the Eighth Amendment and that medical claims are properly dismissed when completely conclusory. See **Figueroa**, p. 3. The Supreme Court in **Rhodes v. Chapman**, 452 U. S. 337 (1981) made clear that discomfort compelled by conditions of confinement, without more, does not violate the Eighth Amendment. It is required that the Plaintiff allege serious deprivation of basic human needs, due to under current standards define "the minimal civilized measure of life's necessities." Id. at 347. Conditions must be "barbarous"or "shocking to the conscience." **Morris v. Travisono**, 499 F.Supp. 149, 159 (D.R.I. 1980).

Moreover, to the extent that the allegations against these Defendants is an attempt to state a claim for denial of access to the court, it is well established that every inmate has the fundamental right of access to the courts to be petitioned for redress. **Barnes v. Smith**, 430 U. S. 817, 828 (1977). The United States Supreme Court has made clear, the right of access to the courts is the right to bring a grievance that the inmate wishes to present. **Lewis v. Casey**, 518 U. S. 345 (1996). It is not a right to "litigate effectively" once in court. Plaintiff must show an actual injury to properly allege a denial of access to

the courts by demonstrating that the alleged wrongdoing hindered his efforts to pursue illegal action. Plaintiff is no stranger to this court or to the Rhode Island Superior Court. Not only has Plaintiff filed the instant action against numerous defendants, he currently has filed or has pending **Lyons v. Department of Corrections**, C. A. No. 02-572, **Lyons v. A. T. Wall, et al**, C. A. No. 05-094 ML, and **Lyons v. Department of Corrections**, C. A. No. 04-380 T. Accordingly, Plaintiff has failed to allege any actual injury and his heavy litigation calendar clearly demonstrates that as a matter of law, there is no injury.

## DEFENDANT CARUSO

Plaintiff brings an action against Deputy Warden David Caruso. The allegations against said Defendant indicate that Caruso wrote to A. T. Wall on January 19, 2005 and indicated that the Plaintiff could not produce request forms he allegedly submitted; that Caruso received a memo from A. T. Wall on March 22, 2005, wherein the Director sent him a letter from the Plaintiff attached with numerous request forms addressed to Defendants Barney, Raposa and Delaney relative to a denial to legal materials, reading materials, hot showers, outdoor recreation, being locked down before being found guilty of a disciplinary infraction. Accordingly, Plaintiff alleges that the Director's memo proved that Defendant Caruso was lying in his January 2005 letter. See Complaint, pp. 4-5. Even if Defendant Caruso was lying, on the basis of the authority cited above, Plaintiff has not shown an actual injury in being deprived of access to the courts, and his overall claims alleging substandard conditions of confinement must fail also.

## CORRECTIONAL OFFICER BARTHOLOMY

Plaintiff alleges that Officer Bartholomy approached Plaintiff and told him he was correct about a law cart, book cart, library books and hot water; that this officer is fair and honest. However, he is still responsible for violations of the Plaintiff's rights. In light of the above authority, this allegation does not state any claim against Officer Bartholomy.

## DEFENDANTS WHITMAN AND HILTERMANN

Plaintiff alleges that in August 2005, these Defendants walked into his cell and told him he was being placed back in regular population at the Medium Security facility and that he would have his television and radio. Plaintiff was reduced to tears. Additionally, Plaintiff alleges that Defendant Whitman told him he would expunge his segregation time and Defendant Hiltermann indicated that if he was discipline-free for an additional six (6) months, he would suspend his segregation time. For all this kindness, Plaintiff has sued these Defendants. No good deed goes unpunished. Clearly, the allegations against these Defendants are misplaced and fail to state a claim upon which relief could be granted.

## DEFENDANT CAPTAIN CLANCY

Plaintiff indicates that when he was transferred from one facility to another, his property, including medical records and legal papers, were discarded. Plaintiff alleges that Defendant Clancy said to him, "they should not have searched your cell. I would not have allowed that." See Complaint, p. 11. Again, Plaintiff attempts to place liability on a

staff member, who shows compassion for the Plaintiff, instead of directing claims against a responsible party. Accordingly, this claim must be dismissed.

**DEFENDANT COLLEEN CAPEZZA (SUPERINTENDENT OF NURSES)**

Plaintiff brings this action also against Ms. Capezza and alleges that he is being denied medication; that he wrote to Ms. Capezza and that said memos were destroyed. See Complaint, p. 11. Plaintiff doesn't allege that Defendant Capezza destroyed his memos and does not outline which medications he is being denied, and any resulting injury. Based on the above authority, this allegation must also be dismissed.

**DEFENDANTS MC CAULEY AND KETTLE**

Plaintiff also brings the instant action against Warden David McCauley and Deputy Warden Matthew Kettle. Other than being named in the complaint, there are no allegations asserted against these Defendants whatsoever. Accordingly, in light of the case law cited above, the same clearly should be dismissed as to these Defendants.

Accordingly, all claims brought against all Defendants fail to allege any recognizable claim against the Defendants and must be dismissed.

Respectfully submitted,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864