United States District Court
For The District Of Rhode Island

Oliver Lyons
v
Ca No 05 433 ML
A T Wall et al

Plaintiffs 12.1 Statement of Undisputed Facts pursuant to Local Rule 12.1

Now comes the Plaintiff and hereby submit the following statement of undisputed facts pursuant to Local Rule 12.1

1. The Plaintiff at all times was an inmate at the Department of Corrections in Cranston Rhode Island 02920

2 During the months of November 2004 through March 22, 05 the Plaintiff was housed at the Intake Service Center

3 The Plaintiff alleged he was attacked by another inmate while the Plaintiff was cuffed and escorted by Defendant Lombard, in November 2004.

4 The Plaintiff was Classified S.H.G. High Security Segregation, and on single recreation status and was taken into the recreation area of four non sentenced inmates who were uncuffed

5. The Plaintiff was attacked and sustained severe additional knee damage.

6 On November 19, 2004 an MRI confirmed severe injuries to the Plaintiff's knee.

7 The Plaintiff had injured his knee previously on November 3, 2001 when he was allegedly assaulted by officers at High Security.

8 On November 14, 2001 an MRI confirmed serious ligament and knee injuries.

9 The Plaintiff from November 2004 through March 22, 05 was subjected to cold showers at Intake.

10. The Plaintiff from November 2004 through March 22, 05 put in numerous request forms for a law cart book cart library books law clerk paper and envelopes outside recreation magazines and newspapers and being locked in his cell before being found not guilty at the Discipline Board.

11 On March 22, 05 the Plaintiff was moved to Medium I Segregation.

12 The Plaintiff although classified High Security S.R.G. was given Medium I cellmates and this is contrary to D.O.C. policy.

13 The Plaintiff was allowed to take recreation with Medium 1 inmates although Classified S.R.G. and this is contrary to D.O.C. policy

14 The Plaintiff was not cuffed for showers and this is contrary to D.O.C. policy for a High Security S.R.G. inmate.

15 The Plaintiff spoke with Warden Whitman and Deputy Hutterman in a holding cell and was told he was going to population and would have another cellmate T.V. and radio.

16. The Plaintiff was booking free or discipline free from March 22 05 through August 15, 05 when the Plaintiff was put in population.

17. On August 15 05 the Plaintiff was returned to Medium Segregation without any discipline infraction whatsoever and the Plaintiffs Discipline History Sheet documents this.

18 The Plaintiffs Travel sheet shows the Plaintiff was Classified to High Security on August 16, 2005 the very next day.

19. On August 23, 05 the Plaintiff was returned to Intake Service Center.

20. At Intake the Plaintiff requested that cuffing policies be followed for a High Security SRG inmate and if they were not followed the Plaintiff would consider that a threat to his person. I couldn't be set up!

21. The Plaintiff was made to take cold showers and shave in the shower without a mirror.

22. Because Intake does not have a locked recreation cage indoors the Plaintiff had to be cuffed behind his back for his entire recreation.

23. On October 12, 05 Defendant Lombardi and LT Barney search the Plaintiff cell destroying legal documents and assaulted the Plaintiff.

24. The Plaintiff was moved to K block cell 1 with a camera in it.

25. Then the Plaintiff was put in cell L1 that also has a camera in it.

26 The Plaintiff was then gassed with a chemical agent by Defendants Lombardi and Defendant LT Barney while the Plaintiff was cuffed.

27 The Plaintiff was then moved to cell L-6 that has a camera in it but no flushing toilet.

28. The Plaintiff's knee buckled causing severe swelling and pain and this is all on film.

29. The doctors at Intake said "There isn't anything wrong with your knee we witnessed you jogging and do squats" and this is true and the therapist and orthopedic doctors are aware.

30. The knee injuries prevent the Plaintiff from moving side to side because of the ACL and MCL ligament tears.

My meniscus is also damaged.

31. On November 15, 16 and 17th 2005 the Plaintiff was moved to a Psych cell in back of the hospital at Intake per orders of Defendant McCauley the Warden.

39. Defendants from High Security came to Intake on or about September 30 05 and threaten to gas the Plaintiff and removed his medical records.
Investigator Lawson said the Plaintiff gave false information to staff and that I lied about High Security officers removing my medical records.
The Plaintiff was again found not guilty and Investigator Lawson knowingly lied.
see attached booking

Plaintiff
original signature Olwell Lynne Pro Se

Certification

The undersigned hereby certifies that on this 1st day of December 2005 I mailed copies of Plaintiffs within 12.1 Statement of undisputed Facts to the Defendants Legal Counsel at 40 Howard Avenue Cranston Rhode Island 02920 and to United States District Court One Exchange Terrace Providence Rhode Island 02903

Plaintiff Pro Se
original signature Olwell Lynne