United States District Court
For The District Of Rhode Island

Oliver Lyons
v
A T Wall et al

Ca No 05 433 ML

Motion For Summary Judgment Pursuant To Rule 56 of The Fed Rules Of Civil Procedure.

The Plaintiff in the above entitled matter would ask that he be granted all relief asked for in his Complaint The Plaintiffs allegations in his Complaint are all supported with evidence in the form of medical records Travel Sheets Discipline Sheets unwarranted bookings, letters from Director AT Wall and a Deputy Warden. all attached to a Notarized Affidavit in Support of this Motion For Summary Judgment The Plaintiff would ask that if Judgment is not rendered upon the whole case for all relief asked for and a trial is necessary the Court at the hearing on the Motion by examining the evidence before it and by interrogating Counsel shall if practical ascertain what material facts exist without controversy and what facts if any

are actually and in good faith controverted including the extent to which relief is not in controversy and directing such further proceedings in the action as are just. Upon the trial of the action the facts specified shall be deemed established and the trial shall be conducted accordingly.

For the following Facts and legal arguments the Court should find in the Plaintiff's favor and grant him all the relief asked for in his Complaint Ca No 05 433 ML.

A T Wall Director has been aware of the Plaintiff's cruel and unusual Punishment and Due Process Violations and is responsible for allowing it to continue unabated for over 5 years and the Director's practice of moving the Plaintiff out of High Security after severe beatings and repeatedly sending the Plaintiff to Intake Service Center and Medium One Security and now Maximum Security shows he is not only aware but responsible for having the Plaintiff returned to High Security and Intake

Prison records and Travel sheet show the Plaintiff was moved to Intake Service Center from High Security on Nov 9 2004. Defendant Lombardi escorted the Plaintiff through the recreation area of 4 uncuffed nonsentenced inmates while the Plaintiff was cuffed and the Plaintiff was assaulted by an uncuffed inmate who was found guilty of assault and given 90 days punitive Segregation. They will not release the name of the inmate to the Plaintiff. Defendant Lombardi violated policy by taking the Plaintiff who is Classified S R 6 High Security and was cuffed into a recreation area with 4 uncuffed non sentenced inmates. The Plaintiff was also on single recreation. The Defendants claim that the Plaintiff does not quote the policy! Well the Defendants claim all policies are confidential and a security risk. Justice Hagopian denied my motion to Compel after a Motion For Request for Production. The Defendants claim that I did not state any injuries to my

when records show I was seen by a doctor, taken for another MRI that confirmed severe additional knee damage.
This MRI was done on Nov 19, 2004 while I was at Intake.
Defendants Delaney and Raposa were law library officers on the 7-3 and 3-11 shifts in Intake Service Center
The Plaintiff repeatedly put in Requests slips all signed by officers to officers Delaney and Raposa.
They were for legal materials, law books law cart book cart and paper and envelopes.
They told the Deputy Warden Caruso and A T Wall I was a liar.
I submitted all of my signed Requests to A T Wall showing the officers and the Deputy lied to Director A T Wall II
Defendant Barney This LT refused to answer all requests for hot showers law books, law cart, books from the library paper and envelopes and he also denied I put in Requests

All Requests medical records, Travel sheets Disciplinary sheets letters from Director Wall have all been submitted to the Court with Affidavits.
Defendant Bartholomy this Defendant admitted that I was entitled to law books, law cart, library books hot showers, paper and envelopes and this was on March 22, 05 the very day I was moved to Medium One Segregation.
Defendant Clancy
LT Bartholomy, LT Barney, officer Lombardi, Raposa and Delaney are all under Captain Clancy's direct command and as such are accountable to to Captain Clancy.
To the best of the Plaintiffs knowledge no officers was ever disciplined and only the Plaintiff suffered from his injuries and Due Process Violations.
On March 22 05 the Plaintiff was moved to Medium One Security and put in Segregation.

At Medium One Security, although the Plaintiff was Classified High Security SRG he was given Medium One cellmates, recreation in the recreation cage with Medium One inmates and given shower without cuffs. This is all contrary to policy and is well documented with films and Travel sheets.

I want the Court to keep in mind the Plaintiff is called assaultive delusional hostile Violent problematic and a danger to staff inmates and himself.

Incredibly the Plaintiff did not have a discipline infraction and didn't have any problem with staff and inmates and because of this Defendant Warden Whitman and Deputy Warden Hilterman put the Plaintiff in population on August 15, 05 with another cellmate and a TV and radio for the first time in 5 years 4 months.

The Travel sheet and Discipline history sheet document this.

The Warden Whitman stated I was highly intelligent articulate and polite!

After only 3 hours in population the Plaintiff was returned to Segregation on August 15, 05 without a discipline infraction or any booking for anything whatsoever.
This is shown on the Plaintiffs Disciplinary Sheet and Travel Sheet that are before the Court with attached Affidavits signed by a Notary.
On August 16, 05 the Plaintiff was classified to High Security and on August 23 05 the Plaintiff was returned to Intake Service Center.
The Defendants Chief Legal Counsel Attorney Grant said this was "kindness" and "Good deeds"
The Plaintiff would say this is cruel, sadistic, malicious, willful and caused the Plaintiff emotional trauma and more pain and suffering.
On August 23, 05 the Plaintiff was moved back to Intake Service Center where his abuse started once again.
The Defendants Warden McCauley and Deputy Kettle are in charge of Intake Service Center.

It is well documented that Intake Service Center does not have hot water in L block Segregation and don't have a law cart nor book cart and don't have a locked recreation area because they refused to put The Plaintiff outside in a locked recreation yard.
The Plaintiffs has requested that cutting policies be followed for a Classified SRG High Security inmate so it can't be said I assaulted anyone.
I am subjected to a cold shower without a mirror and made to take my entire recreation while cuffed behind my back because they refuse to put the Plaintiff in a locked outside recreation area.
I have been gassed all on film and my medical records and Complaint Ca No 05 433 ML destroyed by Defendants Lombardi and LT Barney. Defendants Mc Cauley and Kettle are not only culpable but ordered the Plaintiff put in a psych cell administrative with blankets

and sheets but on a bag lunch without anything to eat with or a flushing toilet nor water. My medication was denied for three days. I detoxed off the Meds On Nov 17, 05 I was moved to Maximum Segregation.

Memorandum

The treatment a prisoner receives in prison and his conditions under which he is confined are subject to scrutiny under the 8th Amendment Helling v McKinney 509 U.S. 25 31 113 CT 2475 2480 1993

Farmer v Brennan 511 U.S. Supreme Court 825 833 35 114 S CT 1970 holding that a prison official is deliberately indifferent when the official knows of yet disregards an excessive risk to a prisoners health and safety.

Cortes-Quinones v Jimenez Nettleship 842 F 2 D 556 558 1st Circuit 1988

This is enumerated in the Plaintiffs Complaint on pages 1-11 in his Complaint

Three MRI's over 4 years and still I wait for an operation!

Knee braces repeatedly thrown away!

i

Memorandum

For Defendant officials to be held in Violation of Plaintiff's Due Process rights ... They must have first subjected him to an atypical and significant hardship ... in relation to the ordinary incidents of prison life Sandin v Conner U.S. Supreme Court 515 U.S 472 484 1995 as the standard of review set up by the Court to determine whether a State created a liberty interest For its prisoners.

The Defendants violated the Plaintiff's Due Process by him being denied a law cart, law books, paper and envelopes, law clerk and by willfully knowingly and deliberately destroying all requests, medical records and Complaint and by having the Plaintiff locked in his cell and denied a shower and recreation for 6 days and then being found not guilty

For all of the stated facts and arguments the Plaintiff ask that this Honorable Court grant him Summary Judgment and all the relief asked for in his Complaint.

Plaintiff Pro Se

original signature Oliver Lyons Pro Se

Certification

On December 23, 2005 the Plaintiff mailed the original and two copies with original signatures of his Motion For Summary Judgment and Memorandum to the Clerk of the United States District Court One Exchange Terrace Providence Rhode Island 02903 and one copy of the Motion For Summary Judgment and Memorandum to the Defendants legal Counsel Attorney Grant at 40 Howard Avenue Cranston Rhode Island 02920

Plaintiff Pro Se

original signature Oliver Lyons Pro Se

original copy