**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS,**
***plaintiff,***
***pro se,***

**v.** **C.A. No. 05-433 ML**

**ASHBEL T. WALL, WALTER WHITMAN, DEPUTY HILTERMAN, WARDEN MCCAULEY, DEPUTY KETTLE, CAPTAIN CLANCY, CORRECTIONAL OFFICER LOMBARDI, CORRECTIONAL OFFICER BARTHOLOMY, CORRECTIONAL OFFICER DELANEY, CORRECTIONAL OFFICER RAPOSA AND CORRECTIONAL OFFICER BARNEY,**
***defendants.***

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Oliver Lyons, *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. Plaintiff names as defendants A.T. Wall, Walter Whitman, Deputy Hilterman, Warden McCauley, Deputy Kettle, Captain Clancy, and Correctional Officers Lombardi, Bartholomy, Delaney, Raposa and Barney (collectively "defendants"). Currently before the Court is the motion of the defendants to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has objected thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that defendants' motion to dismiss should be denied in part and granted in part. I recommend that the motion to dismiss be denied on plaintiff's First Amendment retaliation claim with respect to defendants Barney, Raposa, and Delaney. Defendants' motion to dismiss should be granted with respect to defendants Wall,

Whitman, Hilterman, McCauley, Kettle, Clancy, Lombardi, and Bartholomy on plaintiff's First Amendment retaliation claim. Furthermore, I recommend that defendants' motion to dismiss should be granted on plaintiff's Eighth and Fourteenth Amendment claims.

**Background**

In his Complaint, plaintiff alleges a hodgepodge of allegations. The Court will attempt to construe the allegations, which are taken as true for the purposes of the instant motion, in a logical, coherent manner:

Plaintiff is an inmate legally incarcerated at the Rhode Island Department of Corrections ("RIDOC"). On November 9, 2004, plaintiff alleges that he was transferred to the Intake Service Center Segregation Unit ("Intake"). While being escorted by defendant Officer Lombardi in Intake, plaintiff alleges that he was assaulted by another inmate and injured his knee. Plaintiff claims defendant Lombardi did not follow RIDOC policy which permitted the assault to occur.

Plaintiff alleges that while confined at Intake, he had limited privileges and limited access to legal material. Plaintiff also alleges that an unnamed correctional officer discarded his leg brace, that he was forced to take cold showers, and that he was not permitted outside recreation while confined in Intake. He further asserts that he was denied access to a book cart, magazines and newspapers. Additionally, he alleges that unnamed correctional officers charged him with disciplinary infractions on a regular basis based upon unfounded allegations.

Plaintiff alleges that he filed written requests with defendants Barney, Raposa and Delaney in an attempt to resolve these issues. Plaintiff alleges that these three defendants ignored and/or denied his requests until defendant A.T. Wall intervened. Plaintiff alleges that Barney, Raposa and Delaney ignored or denied his requests in retaliation for a September 2, 2004, lawsuit he filed against

employees and officials at that Rhode Island Department of Corrections.

In March, 2005, Plaintiff avers that he was transferred to the Medium Security facility. Plaintiff avers while in Medium, he had privileges not bestowed upon him at Intake. Despite the RIDOC's classification of the plaintiff as "violent, hostile, delusional, assaultive and psychotic," plaintiff avers that he did not receive one disciplinary infraction while at Medium. Eventually, plaintiff avers he was placed in the general population at Medium, which meant that he was entitled to additional privileges. However, three hours after the upgrade in privileges, plaintiff alleges that he was transferred to segregation and subsequently charged with a disciplinary infraction for disobedience. He was then returned to Intake to be confined.

Plaintiff alleges he no longer has the privileges that were bestowed on him at Medium. Since his return to Intake, plaintiff alleges that some of his property was discarded. Plaintiff alleges that his return to Intake has caused emotional trauma and damaged his "psyche." Plaintiff lastly alleges that some his requests to an institutional nurse are destroyed by some unknown individual.

Plaintiff has filed suit seeking relief under the First, Eighth and Fourteenth Amendment. All of the defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has objected thereto.

**Discussion**

**A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the ***complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811

F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's Complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

**B. 42 U.S.C. § 1983**

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Thus, in order to maintain a section 1983 action, the conduct complained must be committed by a person acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also, Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). Here, there is no dispute that the named defendants acted

under the color of law. However, the defendants assert that the facts averred fail to set forth constitutional deprivations.

**1. First Amendment Claim**

Plaintiff first alleges a retaliation claim under the First Amendment, grounded in the amendment's protection of the right to "petition the government for redress of grievances." U.S. CONST.amend.I. It is well established that prisoners have a constitutional right of access to the courts. See e.g. Lewis v. Casey, 518 U.S. 343 (1996). A prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims. See id. at 355. To state a claim for retaliation, a plaintiff must allege a "chronology of events which may be read as providing some support for an inference of retaliation." McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). Conduct that does not independently violate the Constitution can form the basis for a retaliation claim, if that conduct is done with an improper, retaliatory motive. Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996).

Here, plaintiff claims that on September 2, 2004, he filed a separate civil rights lawsuit against officials and employees at the RIDOC. Since that time, plaintiff alleges that his requests for legal materials, books, magazines, and recreation were systematically ignored and/or denied by defendants Barney, Raposa, and Delaney. Plaintiff alleges that these three defendants denied and/or ignored his requests because he exercised his right to access the courts by filing the September 2, 2004 civil rights lawsuit. Plaintiff essentially alleges that these three defendants punished him for filing suit.

Construing plaintiff's Complaint liberally, as I must, see Haines v. Kerner, 404 U.S. 519 (1972), plaintiff states a claim for retaliation. Plaintiff has alleged a chronology of events which supports an inference of retaliation by defendants Barney, Raposa, and Delaney. See McDonald, 610 F.2d at 18.

Insofar as the plaintiff seeks to claim that other defendants were involved in retaliatory conduct, such claims should fail since plaintiff has failed to link any other defendant to any alleged retaliatory conduct.

Accordingly, defendants' motion to dismiss plaintiff's First Amendment retaliation claim should be denied with respect to defendants Barney, Raposa, and Delaney. Defendants' motion to dismiss plaintiff's retaliation claim should be granted with respect to Wall, Whitman, Hilterman, McCauley, Kettle, Clancy, Lombardi, and Bartholomy since plaintiff has failed to allege any retaliatory conduct done by these defendants. I so recommend.

**2. Eighth Amendment Claims**

Next, plaintiff alleges a violation of his Eighth Amendment rights. Plaintiff's Eighth Amendment claims can be divided into two claims. First, plaintiff claims that his conditions of confinement violated the Eighth Amendment. Second, plaintiff claims that defendant Lombardi violated the Eighth Amendment when he did not follow RIDOC procedure, resulting in an attack by another prisoner.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Punishment for crime has been held to be cruel and unusual if it is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.' " Estelle v. Gamble, 429 U.S. 97, 102 (1976)(quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

It is well established that the prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement" for inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). That requirement includes an obligation to "ensure that inmates receive adequate

food, clothing, shelter and medical care" and to "take reasonable measures" to provide for their safety. Id. at 832 (internal quotation omitted). Establishing an Eighth Amendment violation by prison officials based upon conditions of confinement requires proof that the conditions presented a "substantial risk of serious harm," and that the official has "a sufficiently culpable state of mind described as deliberate indifference to inmate health or safety." Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).

a. Conditions of Confinement Claim

In support of his Eighth Amendment conditions of confinement claim, plaintiff alleges that he was subjected to cold showers and a lack of outside recreation. He further asserts that he was denied access to a book cart, magazines and newspapers. Plaintiff alleges these adverse conditions were remedied when he was placed in Medium Security. However, the reprieve was short lived: Plaintiff alleges he was transferred back to Intake, the facility where he faced such conditions. Plaintiff alleges that the withdrawal of privileges caused "emotional trauma"and damaged his "psyche."

Plaintiff's conditions of confinement claim fails to come within the reach of the Eighth Amendment. The Eighth Amendment protects inmates from "cruel and unusual" punishments. See U.S. Const.amend.VIII. It does not protect inmates from harsh or unpleasant conditions. See Rhodes v. Chapman, 452 U.S. 337, 349 (1981)(The Eighth Amendment "does not mandate comfortable prisons."). Establishing an Eighth Amendment violation by prison officials based upon conditions of confinement requires allegations that the conditions presented a "substantial risk of serious harm." Farmer, 511 U.S. at 832. No such allegations are present here. Plaintiff merely complains of a reduction in privileges, or a lack thereof, that is typical to those legally incarcerated.

Moreover, plaintiff's instant conditions of confinement claim is barred by 42 U.S.C. § 1997e(e).

Section 1997e(e) prohibits any prisoner from bringing an action for "mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, plaintiff has not alleged any sort of physical injury as the result of the alleged conditions he faced. Indeed, plaintiff's claims regarding his conditions of confinement revolve around a withdrawal of, or reduction in privileges, which allegedly resulted in emotion distress. This is the sort of claim Congress specifically prohibited inmates from filing in § 1997e(e). Thus, plaintiff's conditions of confinement claims should be dismissed. I so recommend.

b. The assault by another inmate.

As his second basis for relief under the Eighth Amendment, plaintiff alleges that while being escorted by defendant Lombardi, he was assaulted by another inmate. Plaintiff alleges that this assault only occurred because defendant Lombardi did not follow RIDOC policy and procedure. Plaintiff's Eighth Amendment claim against Lombardi arising out of this assault is without merit.

The Eighth Amendment imposes a duty on prison officials who must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). More importantly here, "prison officials have a duty ... to protect prisoners from violence the hands of other prisoners." Cortes-Quinones v. Jumenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 19)(internal quotations and citations omitted).

However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials. A prison official is liable for an Eighth Amendment violation only when two requirements are met. First, the harm alleged must be sufficiently, objectively, serious. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. Wilson, 501 U.S. at 297. To violate the

Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." Id. That state of mind is one of deliberate indifference. Wilson 501 U.S. at 302-303. The official must know of and disregard an excessive risk to inmate health or safety, which has been likened to criminal recklessness on the prison official's part. See Giroux, 178 F.3d at 32 (citing Wilson, 501 U.S. at 839-840).

Here, plaintiff indicates that the assault resulted in a injury to the his knee. In order to come within the reach of the Eighth Amendment, plaintiff must allege facts from which it could be inferred that he suffered "serious harm." Giroux, 178 F.3d at 31. Plaintiff here fails to aver any facts from which it could be said that plaintiff's injury was indeed objectively serious to come within the reach of the Eighth Amendment. Moreover, plaintiff has failed to allege facts from which it could be inferred that Lombardi acted with deliberate indifference. Indeed, plaintiff merely alleges that the Lombardi did not follow proper RIDOC policy. No facts alleged indicate that Lombardi was wanton and recklessness in the criminal law sense. See id. at 32.

Accordingly, I find that defendants' motion to dismiss should be granted on plaintiff's Eighth Amendment claims arising from the assault by another inmate. Plaintiff has failed to allege any facts from which it could be inferred that he had an objectively serious injury or that Lombardi was deliberately indifferent to plaintiff's safety or well-being.

To the extent that the plaintiff seeks to hold other named defendants responsible for and Eighth Amendment violations, such claims should be dismissed. Plaintiff has failed to allege any personal involvement by any other defendant for an Eighth Amendment violation.

**3. Fourteenth Amendment Due Process Claim**

Finally, plaintiff alleges a violation of the Fourteenth Amendment. The Fourteenth Amendment provides that a state shall not deprive any person of life, liberty, or property without due process of law. See U.S.CONST.amend.XIV. Here, plaintiff alleges that confinement in segregation interfered with a liberty interest protected by the due process clause.

However, plaintiff fails to attribute responsibility for any alleged violation of the due process clause on any named defendant. Plaintiff has failed to allege any personal involvement of any defendant with respect to this claim. The Court will not speculate as to which defendants the plaintiff seeks to hold accountable. Without personal involvement in the alleged wrong-doing, a defendant can not be liable. Lopez Morales v. Otero de Ramos, 725 F.Supp. 106, 106-107 (D.P.R. 1989). Moreover, a theory of *respondeat superior*, if that is what plaintiff alleges, will not suffice. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, I recommend that the defendants' motion to dismiss plaintiff's Fourteenth Amendment due process claim be granted.

**Conclusion**

In conclusion, after parsing through plaintiff's Complaint, I find that plaintiff has stated an actionable First Amendment claim of retaliation against defendants Barney, Raposa, and Delaney. Accordingly, I recommend that defendants' motion to dismiss should be denied on this claim with respect to defendants Barney, Raposa, and Delaney. Defendants' motion to dismiss should be granted with respect to defendants Wall, Whitman, Hilterman, McCauley, Kettle, Clancy, Lombardi, and Bartholomy on plaintiff's First Amendment retaliation claim. Furthermore, I recommend that defendants' motion to dismiss should be granted on plaintiff's Eighth and Fourteenth Amendment claims.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv. 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
January 24, 2006