UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF/RESTRAINING ORDER

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's motion for injunctive relief and a restraining order as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant, Esq.
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 6th day of March, 2006, I mailed a true copy of the within Defendants' Objection To Plaintiff's Motion For Injunctive Relief/Restraining Order and accompanying Memorandum to Oliver Lyons, #38734, New Hampshire State Prison, P. O. Box 14, Concord, New Hampshire 03302.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

MEMORANDUM

Plaintiff has filed a motion for injunctive relief pursuant to Federal Rule of Civil Procedure 65. In the motion, Plaintiff alleges that various Defendants committed assaults without provocation upon him and that also, Plaintiff was threatened in various ways. Plaintiff alleges that the Defendants held a can of "gas" at him. Plaintiff also alleges that the Department covered up the conduct of the Defendants. Plaintiff, on February 2, 2006, was transferred to a correctional facility in the State of New Hampshire.

INJUNCTIVE RELIEF

Plaintiff bears the burden to demonstrate that there exists potential for immediate and irreparable injury, that he enjoys the likelihood of success in the merits of the case, the relevant balance of hardships that the injunction does not issue and the effect on the public interest of a grant or denial of the motion. **Narragansett Indian Tribe v. Guilbert**, 934 F. 2d 4, 5 (1st. Cir. 1991). A failure to demonstrate one of the requirements necessitates the denial of the motion for injunctive relief.

Plaintiff is no longer in the physical custody of the Rhode Island Department of Corrections. Accordingly, the Defendants named in this complaint do not have access to the Plaintiff, and accordingly, no longer present any danger or threat to him, assuming that his allegations are true. Accordingly, there is no immediate and irreparable possibility of injury.

Accordingly, in light of the fact that the issues underlying Plaintiff's request for injunctive relief are now moot, Defendants urge that the Plaintiff's application be denied.

Respectfully submitted,

Michael B. Grant, Esq.
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864