United States District Court
For The District Of Rhode Island

Oliver Lyons
v
A.T. Wall Etal

Ca. No. 05 433 ML

Plaintiff's Motion For Summary Judgment Pursuant To The Federal Rules Of Civil Procedure 56

The Plaintiff asks this Honorable Court to grant him Summary Judgment for the following reasons.

The Defendants filed a Motion to Dismiss the Plaintiff's Complaint Ca. No. 05 433 ML.

This Court found that the Plaintiff stated an Eighth Amendment Claim as to Defendant Lombardi.

The Plaintiff was assaulted while cuffed and shackled and being escorted by Defendant Lombardi through the recreation area of four uncuffed inmates at the Intake Service Center in Segregation.

Intake Service Center is for the most part for inmates awaiting trial and are unsentenced.

Defendant Lombardi was very familiar with the Plaintiff being a High Security

Classified Segregation inmate because the Plaintiff was repeatedly sent to Intake Segregation after being assaulted at High Security.

Defendant Lombardi was well aware of the cuffing policies of a High Security Segregation inmate.

Previous to this incident on November 15, 04 Defendant Lombardi had cuffed the Plaintiff behind his back prior to the Plaintiff's cell door being open.

Defendant Lombardi also repeatedly put the Plaintiff out on recreation by himself because he was High Security and on single recreation.

The Plaintiff also requested in writing the cuffing policies for an inmate Classified High Security CRC single recreation be followed so the Plaintiff could not be set up.

This incident and assault could have been prevented if Defendant Lombardi was not deliberately indifferent to D.O.C policy.

This was more than callous or reckless but was done with a prior knowledge and done knowingly and

willfully and put the Plaintiff in harms way totally defenceless.
Then Defendant Lombardi attempted to cover up the assault and threatened me.
Attorney Grant Chief legal Counsel for the Defendants submitted a false 12.1 Statement of Undisputed Facts
This document was sent to the Plaintiff on November 15 2005 and is part of the United States Discourt file in this law suit
This is what is stated by the Defendants in this document
"According to Plaintiffs medical records at no time between September 2004 through December 2004 did he ever notify any member of the ACI Medical Staff that he sustained an injury to his knee"
The Plaintiff submits the following medical records with a Notarized Affidavit showing the Defendants and Legal Counsel Grant knowingly submitted false information to the court in an attempt to cover up The Defendants

Violation of the Plaintiffs Eighth Amendment rights.

The medical records are conclusive and show severe damage to the Plaintiff right knee causing the Plaintiff to take pain medication Vicodin and making an operation necessary to give him lateral movement and stability and to keep the Plaintiff knee from buckling and swelling up if he moves the wrong way and then the Plaintiff has difficulty walking.

The Plaintiff's medical records are for an assault and injuries sustained on November 15, 04 that the Defendants say never happened.

November 15 2004 medical record shows the Plaintiff was seen by Doctor Motola of the D.O.C.

November 15 2004 medical records shows the Plaintiff was transported to Rhode Island hospital Emergency room.

November 15 2004 A two page list of instruction from Rhode Island Emergency room staff
The Plaintiff was not given crutches at the ACI nor ice packs nor pain medication

November 19, 2004 An MRI confirms serious knee damage to the Plaintiff

June 6, 2005 The Plaintiff signs a contract to authorize Doctor Fadale of the Rhode Island hospital orthopedic Sports medicine to operate Dr Fadale also signs

October 20, 2005 the day after the Plaintiff law suit CA No 05 433 ML is filed my knee brace is returned because there is metal in it
I then receive another knee brace

October 28, 05 medical records show I am gassed by Defendants Lombardi and Barney because I refuse to give up my knee brace

October 30, 05 The Plaintiff gives his knee brace back to the nurse after I'm threaten by Defendants Lombardi and Barney who tell me I don't need it and I'm afraid I'll be gassed again.
The Defendants legal Counsel has repeatedly lied to the Court and now says my injuries were self inflicted on November 15, 2004 and they have a film.
This is just incredible and I would love to see it because Attorney Grant said "There wasn't any record of me seeing any medical staff on November 15, 04 and we know all Attorney Grants allegations were outright lies.

Memorandum

The Eighth Amendment imposes a duty on prison officials who must "take reasonable measures to guarantee the safety of the inmate" Hudson v Palmer 468 U.S. 517 526-527 1984 More important here "prison official have a duty ..... to protect prisoners

from violence at the hands of other prisoners" Cortes-Quinones v Jimenez Nettleship 842 F2d 556 558 1st Circuit 1988

Farmer v Brennan 511 U.S. Supreme Court 825 833-35 114 Sct 1970 1977 1994

The Defendants Motion to Dismiss on the Plaintiffs 1st Amendment retaliation claims as to Defendants Barney Raposa and Delaney was denied

The Plaintiff put in numerous requests written to Defendants Raposa and Delaney who were law library officers and Defendant Barney for law books law cart law library law clerk paper and envelopes and other legal materials plus reading material showers outdoor recreation and being locked in my cell for a discipline infraction and then found not guilty

Defendants Raposa Delaney and Barney denied the Plaintiff put in written requests and said the "Plaintiff was a liar" and this was told to the former

Deputy Warden Caruso
The Plaintiff has submitted these requests to United States District Court with an attached Affidavit Notarized Deputy Caruso wrote Director A.T. Wall a Letter say I never requested anything and didn't have any request forms to show I had. More Lies
I then submitted numerous requests all signed and submitted to Defendants Raposa Delaney and Barney to Director A.T. Wall showing that the Defendants Barney Delaney and Raposa had lied and taken retaliatory action against me for filing my law suits
A.T. Wall then wrote Deputy Caruso telling him I submitted numerous request for legal materials reading material, showers, outdoor recreation and being locked down and then found not guilty
I am submitting Director A.T. Walls letter and former Deputy Caruso's letter with an affidavit in Support of my Motion for Summary Judgment.

The Plaintiff has a right under the 1st Amendment to "petition the government for redress" McDonald v Hall 610 F 2nd 16 18 1st Cir 1979

The evidence presented by the Plaintiff in his Motion for Summary Judgment is very strong and shows there isn't any doubt his right were violated by the Defendants and that the Plaintiff has been in desperate need of an operation for quite some time.

The Plaintiff has been told by members of the medical staff that medical records have been removed and some altered. This could explain why the Defendants Legal Counsel claims the Plaintiff did not receive medical treatment on November 15, 2004 nor did he ask for treatment for any injuries on November 15, 2004

The Plaintiff ask that he be granted Summary Judgment and all relief asked for in his Complaint

Plaintiff Pro Se

March 27, 06 Oliver Lyons

P.O. BOX 8273
Cranston Rhode Island 02920

Certification

I the undersigned Plaintiff mailed the original Motion For Summary Judgment and a copy and the original Affidavit with documents in support of his Motion For Summary Judgment and a copy to United States District Court One Exchange Terrace Providence Rhode Island 02903 and a copy of his Motion For Summary Judgment and copies of his Affidavit and documents in support of his motion For Summary Judgment to the Defendants Legal Counsel 40 Howard Cranston Rhode Island 02920

Plaintiff Pro Se
March 27, 06 Oliver Lynn
P.O BOX 8273
Cranston, Rhode Island 02920

# Affidavit

The undersigned Plaintiff attests under penalty of perjury that the medical records he submits in support of his motion for Summary Judgment are his and that the two letters he submits in support of his Motion For Summary Judgment were written one by former Deputy Caruso and Director A T Wall of the Department Of Corrections

Plaintiff Pro Se
March 27, 06 Oliver Lynne
P.O BOX 8273
Cranston Rhode Island 02920

Swom and subscribed to before me on this 27th day of March 2006

Notary Public

[signature]

my commission expires 9/22/09