# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**OLIVER LYONS,**
*plaintiff,*
*pro se,*

v.   C.A. No. 05-433 ML

**ASHBEL T. WALL, WALTER WHITMAN,**
**DEPUTY HILTERMAN, WARDEN MCCAULEY,**
**DEPUTY KETTLE, CAPTAIN CLANCY,**
**CORRECTIONAL OFFICER LOMBARDI,**
**CORRECTIONAL OFFICER BARTHOLOMY,**
**CORRECTIONAL OFFICER DELANEY,**
**CORRECTIONAL OFFICER RAPOSA AND**
**CORRECTIONAL OFFICER BARNEY,**
*defendants.*

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Oliver Lyons, *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. Plaintiff named as defendants employees or officials at the Rhode Island Department of Corrections, Adult Correctional Institutions. Currently before the Court is the motion of the plaintiff for preliminary injunctive relief, seeking an order enjoining defendant Lombardi, a Rhode Island Department of Corrections employee, from physically abusing the plaintiff. Defendants objected to the motion and indicated that the plaintiff was transferred to a correctional institution in New Hampshire. Accordingly, I recommended that the motion be denied as moot.

However, it appears that the plaintiff has been returned to the custody of the Rhode Island Department of Corrections. Accordingly, I will revisit the merits of the instant motion for

1

preliminary injunctive relief. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that plaintiff's motion be denied.

## Discussion

In his Complaint, plaintiff alleges a hodgepodge of allegations. The District Court dismissed a majority of the defendants from the lawsuit pursuant to Fed.R.Civ.P. 12(b)(6). The only claims that remain are plaintiff's claims of retaliation by defendants Barney, Raposa, and Delaney and plaintiff's claims of an Eighth Amendment violation by defendant Lombardi.

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff has failed to articulate any basis for a finding of an immediate, irreparable injury. While an inmate need not wait until after a tragic event occurs to seek an injunction to remedy unsafe prison conditions, Helling v. McKinney, 509 U.S. 25, 33 (1993), he must do more than allege the possibility of harm. Id. at 36; Farmer v. Brennan 511 U.S. 825, 834 (1994). Here, Lyons has alleged past injury in his Complaint, but he has neither alleged nor demonstrated that any serious injuries are imminent. Injunctive relief can not be granted against something merely feared as liable to occur at some indefinite time in the future. Connecticut v. Massachusetts, 282 U.S. 660, 674 (1930).

Moreover, it appears that the plaintiff and defendant Lombardi will not be in proximity with each other. Plaintiff is confined in Maximum Security Unit, while defendant Lombardi is assigned to work in the Intake Service Center - a separate confinement facility. Furthermore, plaintiff has failed to demonstrate the likelihood of success on the merits of the case, the relevant balance of hardships if the injunction does not issue, and the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991).

### Conclusion

Accordingly, I recommend that plaintiff's motion for injunctive relief be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv. 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
May 2, 2006

3