United States District Court
For The District Of Rhode Island

Oliver Lyons
v
A T Wall Et al

Ca No 05 433 ML

FILED 2006 DISTRICT COURT DISTRICT OF RHODE ISLAND

Plaintiff Motion For Injunctive Relief / Restraining Order

Pursuant to Rule 65 Of The Federal Civil Rules Of Procedure the Plaintiff would ask for the following relief to be granted.

Despite numerous assaults with very serious and life threatening injuries over a six year period the Plaintiff has been repeatedly denied any injunctive relief / Restraining order by Magistrate Hagopian and Ms Justice Mary Lisi.

The Plaintiffs medical records are before the Court.

On November 17, 05 the Plaintiff was moved to Maximum Security and put in a Segregation cell behind the hospital at Maximum-

The Plaintiff was given showers and recreation by himself per D.O.C policy for a High Security Segregation Classified inmate.
On February 2 2006 The Plaintiff was moved to New Hampshire State Prison.
After looking at the Plaintiffs medical records, the Plaintiff was returned to Rhode Island on March 9, 2006
On July 17 06 The Plaintiff was told by Warden Weeden and Captain Ashton that he would be moved to regular Segregation at Maximum and would take showers and recreation with other inmates who are classified Maximum Security.
This is contrary to policy.
I objected in writing and verbally to Warden Weeden Captain Ashton LT Travis LT Oden and LT Burt all at Maximum Security

On July 17 06, the Plaintiff was put in Regular Segregation and told he would take showers and recreation with other inmates. On August 3 2006 the Plaintiff was in cell 39 and inmate after inmate refused to come out for shower and recreation and the whole second tier refused to come out and two inmates were put back in their cells.

When I exited my cell another inmate said "Lyons you are being set up.

An inmate in cell 5 named Briggs came at me and started to attack me.

A huge cut was open over my eye blinding me in my left eye.

Despite this I defended myself giving the other inmate two black eyes swollen jaw and then I knocked him out and he hit the floor

cutting the back of his head and going unconscious.
I thought he was dead.
Officer came running in and I put my arms up and went and sat on a stool at a table while they worked on Briggs.
I was then told to get on the floor and was cuffed behind my back and then I was sprayed with a chemical agent in my face getting in my eyes nose mouth and burning me.
It was also sprayed over my entire body.
A chemical agent can only be used to restrain an inmate.
It is not to be used to inflict pain after an inmate is cuffed behind his back and doing what he is told
This is all on Surveillance Camera

Inmate Briggs and I were transported to Kent County hospital.
I received 20 stitches over my left eye.
Inmate Briggs received stitches to the back of his head two black eyes and swollen jaw.
The Plaintiff believes Warden Weeden Captain Ashton LT Travis LT Burt and LT Oden are responsible.
The Plaintiff also believes if inmate Briggs died or the Plaintiff did that Ms Justice Lisi and Magistrate Hagopian would have to take responsiblity for not granting a Preliminary injunction & Restraining Order.
The Plaintiff asks that he be granted relief and protected from ACI priso officials and officers.

Plaintiff Pro Se
Oliver Lyons
P.O. Box 8273
Cranston Rhode Island 02920

Certification

The Plaintiff certifies that he mailed hand written copies of his Motion for Preliminary Injunctive Relief / Restraining Order to United States District Court One Exchange Terrace Providence Rhode Island 02903 and to the Department of Corrections Legal Counsel at 40 Howard Avenue Cranston Rhode Island 02920

Plaintiff Pro Se
Oliver Lyons
P.O. BOX 8273
Cranston, Rhode Island 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

MEMORANDUM

Plaintiff has filed a motion for injunctive relief pursuant to Federal Rule of Civil Procedure 65. In the motion, Plaintiff alleges that various Defendants committed assaults without provocation upon him and that also, Plaintiff was threatened in various ways. Plaintiff alleges that the Defendants held a can of "gas" at him. Plaintiff also alleges that the Department covered up the conduct of the Defendants. Plaintiff, on February 2, 2006, was transferred to a correctional facility in the State of New Hampshire.

INJUNCTIVE RELIEF

Plaintiff bears the burden to demonstrate that there exists potential for immediate and irreparable injury, that he enjoys the likelihood of success in the merits of the case, the relevant balance of hardships that the injunction does not issue and the effect on the public interest of a grant or denial of the motion. **Narragansett Indian Tribe v. Guilbert**, 934 F. 2d 4, 5 (1st. Cir. 1991). A failure to demonstrate one of the requirements necessitates the denial of the motion for injunctive relief.

Plaintiff is no longer in the physical custody of the Rhode Island Department of Corrections. Accordingly, the Defendants named in this complaint do not have access to the Plaintiff, and accordingly, no longer present any danger or threat to him, assuming that his allegations are true. Accordingly, there is no immediate and irreparable possibility of injury.