UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF/RESTRAINING ORDER**

Now come the Defendants in the above entitled matter and hereby object to the Plaintiff's motion for a restraining order as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS
By their Attorney,

/S/ Michael B. Grant
____________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island
Bar No. 3864

CETRTIFICATION

The undersigned hereby certifies that on this, the 15th day of September, 2006, I mailed a true copy of the within Defendants' Objection To Plaintiff's Motion For Injunctive Relief/Restraining Order and accompanying Memorandum to Oliver Lyons, P. O. Box 8273, Cranston, R. I. 02920.

/S/ Michael B. Grant
____________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

**MEMORANDUM**

Plaintiff initially outlines the fact that this Court has denied him injunctive relief despite having received very serious injuries in the last six years arising from numerous assaults. Plaintiff alleges that in February, 2006, he was moved to New Hampshire State Prison and then returned to Rhode Island on March 9, 2006. In July, 2006, Plaintiff alleges that he was told by Warden Weeden and Captain Ashton that he would be moved to a regular segregation unit in Maximum Security and would be eligible for showers and recreation with other inmates, who were classified Maximum Security. Plaintiff alleges that he objected to this with the Warden and the Captain; that on July 17, 2006, he was placed in a regular segregation unit and was told to take showers and recreation with other inmates; on August 3, 2006, Plaintiff exited his cell and claims he was approached by Inmate Briggs, who assaulted him; the Plaintiff defended himself seriously injuring Inmate Briggs. Staff responded to assist Inmate Briggs, who according to the complaint was unconscious; Staff also cuffed Plaintiff behind his back and then sprayed him with a chemical agent, burning his eyes, nose and mouth. Plaintiff alleges that the use of chemical agents should not be used after an inmate is cuffed behind his back. Plaintiff indicates that both he and Inmate Briggs were transported to Kent County Hospital. Finally, Plaintiff, without giving specific reasons or motivations, concludes that Warden Weeden and Captain Ashton, Lieutenant Travis, Lieutenant Burt and Lieutenant Oden are responsible for the altercation between him and Briggs.

**INJUNCTIVE RELIEF**

Plaintiff bears the burden to demonstrate that there exists a potential for immediate and irreparable injury, that he enjoys the likelihood of success on the merits of the case, the relevant

balance of hardships that the injunction does not issue, and the affect on the public interest of a grant or denial of the motion. **<u>Narragansett Indian Tribe vs. Guilbert</u>**, 934 F2d 4, 5 (1st. Cir. 1991). Failure to demonstrate one of the requirements necessitates the denial of the motion for injunctive relief.

In the instant application, Plaintiff indicates that he was attacked by another inmate, who he severely injured. Immediately after the altercation, both men were taken to Kent Hospital and received medical treatment. Plaintiff, without foundation, simply concludes that Warden Weeden, Captain Ashton and several lieutenants are responsible for the altercation. Plaintiff gives no specific motives or justifications for the same, simply indicates that Captain Ashton and Warden Weeden told the Plaintiff that he would be able to reside in a regular segregation unit and would enjoy showers and recreation. Plaintiff fails to aver that the Defendants had any knowledge of Plaintiff being in danger from Inmate Briggs. However, he simply alleges that they are responsible.

Moreover, Plaintiff fails to allege that there is a likelihood that he will be unlawfully sprayed with chemical agents in the near future. In fact, on the contrary, Warden Weeden indicates in a report dated August 30, 2006 that, in fact, no chemical agents were utilized in this incident.

In light of the above, Defendants urge that the Plaintiff's application for injunctive relief be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island
Bar No. 3864