UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

**AFFIDAVIT OF ROBERT CATLOW**

1. I, Robert Catlow, at all pertinent times was and am employed as Chief Investigator of the Special Investigations Unit of the State of Rhode Island, Department of Corrections in Cranston, Rhode Island duly sworn, hereby depose and say:

2. The role of the Special Investigations Unit within the Department of Corrections is to investigate all alleged inmate misconduct and wrongdoing.

3. As part of my duties as Chief Investigator, I keep and maintain all investigatory reports drafted by my staff, pursuant to investigations.

4. Records maintained in my unit indicate that Inmate James Odsen, in August 2005, provided the Special Investigations Unit with information that Plaintiff, Oliver Lyons had given Inmate Odsen Xanax tablets in exchange for extra food, magazines and books. Inmate Odsen indicated to Investigator William Begones that he had taken approximately twenty pills from the Plaintiff, and stated that he came forward with this information as a result of the fact that Oliver Lyons had been throwing urine and feces at him, which this office had information that Plaintiff had been doing to correctional staff as well.

5. Please see report drafted by Investigator William Begones to Jake Gadsden dated September 13, 2005.

Robert Catlow

Subscribed and sworn to before me, in Cranston, this 25th day of May, 2006.

Notary Public
My Commission expires 09-09-09.

CONFIDENTIAL COPY

**CASE NO.: 05-320**

**STATE OF RHODE ISLAND * DEPARTMENT OF CORRECTIONS**







**TO:** Jake Gadsden, Assistant Director
Institutions/Operations

**VIA:** Robert J. Catlow, Chief Investigator
Special Investigation Unit

**FROM:** William Begones (WB)
Investigator

**DATE:** September 13, 2005

**SUBJECT: INMATE JAMES ODSEN; ID # 79927; DOB 03-09-68**
**INMATE OLIVER LYONS; ID # 91073; DOB 01-01-50**
**CC # 18-11-3 NARCOTICS INFORMATION**

---

On 8-22-05, I was apprised of a situation in the Medium Security segregation unit by Captain Vitale. Apparently over the past couple of days, Inmate Oliver Lyons (ID # 91073) has resumed throwing his urine and fesses at staff as well as inmates. Apparently another inmate, James Odsen (ID # 79927) has come forward and stated that on different occasions he has received Xanax from Inmate Lyons in exchange for extra food trays, newspapers and magazines. I asked Captain Vitale why Inmate Odsen has come forward with this information. Captain Vitale stated that Inmate Lyons had tried to throw urine and fesses at him.

I proceeded to Medium Security segregation and interviewed Inmate Odsen.

**Interview with Inmate James Odsen**

***Serving a sentence of 1-years for Domestic Violence***

I asked Inmate Odsen if he was in fact receiving Xanax from Inmate Lyons. Inmate Odsen stated that he was and that he would pay Inmate Lyons with extra food trays and also books and magazines. I asked Inmate Odsen how many Xanax he would receive. Inmate Odsen stated that he would receive three every other day. I asked Inmate Odsen how many Xanax he has taken. Inmate Odsen stated that he has taken approximately 20 pills. I asked Inmate Odsen why he had come forward with this information. Inmate Odsen stated that Inmate Lyons was throwing urine and fesses at him, also.

After interviewing Inmate Odsen, I proceeded to the Medium Security dispensary and spoke with Nursing Supervisor Gordon Bouchard. I asked Supervisor Bouchard if it is

common practice to hand out whole Xanax pills. Supervisor Bouchard stated that it should be a matter of protocol that they are crushed, but not all nurses do it.

I briefed Deputy Hiltermann about this issue.

On 08-23-05, Inmate Lyons was transferred to ISC psy-obs.

On 08-25-05, Investigator Cabral was sent to ISC by Acting Chief Joe Forgue to interview Inmate Lyons in regards to this issue.

**Note:** A letter from Inmate Lyons was sent to the Directors office dated August 20, 2005. The letter was then forwarded to the SIU office.

**Interview with Inmate Lyon (Investigator Cabral)**

***Serving a 5-year sentence for Felony Assault.***

Per Investigator Cabral, Inmate Lyons basically stated that he did provide Inmate Odsen with Xanax. Inmate Lyons also stated that he was afraid of Inmate Odsen, and that is why he gave the Xanax to him.

**Conclusion:** A urine from Inmate Odsen was attempted by Medium Security staff, but Inmate Odsen could not produce the urine in the allotted 4-hours. Subsequently, he was booked by staff. The medication which is supposed to be crushed was addressed with Deputy Hiltermann. A Level 1 enemy issue will be entered.

WEB/gah
Attachments:

- Booking
- Letter to Director

R: 09/13/05
T: 09/14/05

Exhibit 4A2

| | | | | | | |
|---|---|---|---|---|---|---|
| 01/14/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 01/25/2005 | 10 | COURT APPEAR | REMANDED | | | |
| [illegible] | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 02/04/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 02/07/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 02/08/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 02/09/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 02/09/2005 | 06 | TRANSFER | ISC L | 24B | - ISC L | 14B |
| 02/10/2005 | 10 | COURT APPEAR | P2022286A $500 TO HWOB | | | |
| 02/17/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 02/26/2005 | 06 | TRANSFER | ISC L | 14B | - ISC L | 11B |
| 03/09/2005 | 10 | COURT APPEAR | P2022286A UPDATED | | | |
| 03/22/2005 | 06 | TRANSFER | ISC L | 11B | - ISC HOLD | |
| 03/22/2005 | 06 | TRANSFER | ISC HOLD | | - MED SEG | 20B |
| 03/26/2005 | 06 | TRANSFER | MED SEG | 20B | - MED SEG | 17B |
| 04/07/2005 | 09 | SENTENCED | 5 YRS CONSECUTIVE PLUS 2 YRS CONS. | | | |
| 04/08/2005 | 06 | TRANSFER | MED SEG | 17B | - MED SEG | 07T |
| 04/11/2005 | 06 | TRANSFER | MED SEG | 07T | - MED SEG | 22B |
| 04/12/2005 | 06 | TRANSFER | MED SEG | 22B | - MED SEG | 08B |
| 08/05/2005 | 06 | TRANSFER | MED SEG | 08B | - MED HOLD | |
| 08/05/2005 | 06 | TRANSFER | MED HOLD | | - ISC L | 18B |
| 08/06/2005 | 06 | TRANSFER | ISC L | 18B | - ISC HOLD | |
| 08/06/2005 | 06 | TRANSFER | ISC HOLD | | - MED SEG | 08B |
| 08/06/2005 | 06 | TRANSFER | MED SEG | 08B | - MED HOLD | |
| 08/06/2005 | 06 | TRANSFER | MED HOLD | | - MED SEG | 08B |
| 08/15/2005 | 06 | TRANSFER | MED SEG | 08B | - MED AMODL | 11B |
| 08/15/2005 | 06 | TRANSFER | MED AMODL | 11B | - MED SEG | 08B |
| 08/16/2005 | 07 | CLASSIFY | INMATE WAS CLASSIFIED TO HSC | | | |
| 08/16/2005 | 06 | TRANSFER | MED SEG | 08B | - MED HOLD | |
| 08/16/2005 | 06 | TRANSFER | MED HOLD | | - ISC PSY | 01 |
| 08/17/2005 | 06 | TRANSFER | ISC PSY | 01 | - ISC HOLD | |
| 08/17/2005 | 06 | TRANSFER | ISC HOLD | | - MED SEG | 08B |
| 08/23/2005 | 06 | TRANSFER | MED SEG | 08B | - MED HOLD | |
| 08/23/2005 | 06 | TRANSFER | MED HOLD | | - ISC L | 20B |
| 08/23/2005 | 06 | TRANSFER | ISC L | 20B | - ISC K | 19B |
| 08/24/2005 | 06 | TRANSFER | ISC K | 19B | - ISC PSY | 04 |
| 08/25/2005 | 06 | TRANSFER | ISC PSY | 04 | - ISC L | 06B |
| 08/25/2005 | 06 | TRANSFER | ISC L | 06B | - ISC L | 18B |
| 08/26/2005 | 06 | TRANSFER | ISC L | 18B | - ISC L | 06B |
| 08/26/2005 | 06 | TRANSFER | ISC L | 06B | - ISC L | 17B |
| 10/12/2005 | 06 | TRANSFER | ISC L | 17B | - ISC L | 06B |
| 10/12/2005 | 06 | TRANSFER | ISC L | 06B | - ISC K | 01B |
| 10/12/2005 | 10 | COURT APPEAR | REMANDED | | | |

FROM 3/22/05 TO 8/15/05 - MED SEG

8/15/05 - SEG TO POPULATION AND BACK TO SEG

NO DISCIPLINE

D. Moretti

ID: 091073 OLIVER S LYONS ISC LOC: K 01B D.O.B. 01/01/1950

| LGT | BOOK--DATE FINDING INFRACTION(S) | FIND--DATE | ------INMATE APPEAL------ BOARD ACTION | |
|---|---|---|---|---|
| 25 | 01/31/2005 GUILTY | 02/02/2005 | YES DENIED | 02/10/2005 |
| | Swearing, Cursing, Using any Vulgar, Abusive, Inso | | | 15 DAYS LOSS OF PRIVILEGES<br>15 DAYS LOSS OF GOOD TIME |
| 15 | | | | |
| 15 | 02/08/2005 GUILTY | 02/11/2005 | NO | |
| | Swearing, Cursing, Using any Vulgar, Abusive, Inso | | | 15 DAYS DISCIPLINARY CONFINEMENT<br>6 DAYS LOSS OF GOOD TIME |
| 6 | | | | |
| 6 | 02/09/2005 NOT GUILTY | 02/14/2005 | NO | |
| | Giving False Information to Any Correctional Staff | | | |
| | 03/04/2005 GUILTY | 03/09/2005 | YES DENIED | 03/16/2005 |
| | Interfering With the Duties of a Correctional Offi | | | 25 DAYS DISCIPLINARY CONFINEMENT<br>25 DAYS LOSS OF GOOD TIME |
| 25 | | | | |
| 25 | 03/04/2005 GUILTY | 03/09/2005 | YES DENIED | 03/16/2005 |
| | Interfering With the Duties of a Correctional Offi | | | 28 DAYS DISCIPLINARY CONFINEMENT<br>28 DAYS LOSS OF GOOD TIME |
| 28 | | | | |
| 28 | 03/15/2005 GUILTY | 03/16/2005 | YES DENIED | 03/23/2005 |
| | Disobeying a Lawful Order Not Pertaining to Custod | | | 20 DAYS DISCIPLINARY CONFINEMENT<br>20 DAYS LOSS OF GOOD TIME |
| 20 | | | | |
| 20 | 03/15/2005 GUILTY | 03/16/2005 | YES DENIED | 03/23/2005 |
| | Disobeying a Clearly Stated Order in a Manner that | | | 30 DAYS DISCIPLINARY CONFINEMENT<br>30 DAYS LOSS OF GOOD TIME |
| 30 | | | | |
| 30 | 08/23/2005 GUILTY | 08/26/2005 | YES DENIED | 09/09/2005 |
| | Creating a (Collective) Disturbance | | | 30 DAYS DISCIPLINARY CONFINEMENT<br>12 DAYS LOSS OF GOOD TIME |
| 12 | | | | |

FROM 3/15/05 TO 8/23/05 - BOOKING FREE

D. Moretti

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

**AFFIDAVIT OF STEPHEN BOYD**

I, Stephen Boyd, being duly sworn, do hereby depose and say:

1. I, Stephen Boyd am employed with the Department of Corrections and serve as the Deputy Warden of the Maximum Security facility.

2. As part of my job duties as Deputy Warden of Maximum Security, I keep and maintain inmate property records depicting the possessions of inmates housed at the Maximum Security facility, and any out-of-state facilities that a Maximum Security inmate may have been transported to and returned to the ACI.

3. That Oliver Lyons' inmate property records show that in February, 2006, Plaintiff possessed one pair of white sneakers, one pair of tan boots, one pair of shower shoes, two pairs of under shorts, two pairs of socks, one under shirt, one sweatshirt, assorted cosmetics/toiletries, legal papers, and a book or magazines.

4. During Plaintiff's stay in the state of New Hampshire, the Department has possession of a property inventory form from the New Hampshire State prison, which indicates that Plaintiff, while there, possessed one pair of boots, one pair of under shorts, one pair of socks, two T-shirts, assorted cosmetics/toiletries, legal papers, and vitamins. Plaintiff was returned to the Adult Correctional Institutions, state of Rhode Island on March 9, 2006, and ACI records indicate that Plaintiff, upon his return, possessed one

pair of tan boots, one pair of under shorts, one pair of socks, two under shirts, assorted cosmetics/toiletries, legal papers, vitamins, razors, and clippers. See attached ACI and New Hampshire State Prison inmate inventory forms consisting of three pages.

5. That the attached inmate inventory forms are true copies of the originals and are kept in the ordinary course of business at the ACI. It is also the ordinary course of business of the ACI, Maximum Security facility, to maintain out-of-state inventory forms, when Rhode Island inmates are returned to Rhode Island from out of state prison systems.

6. That all events recorded on the attached ACI inventory forms were done so at or near the events they depict.

Stephen Boyd

Subscribed and sworn to before me, in Cranston, this 26th day of May, 2006.

Notary Public
My Commission expires 09-09-09.

R.I. To NH 2/2/06

# INMATE PROPERTY RECORD (SUPPLEMENTAL)

I acknowledge that all property listed hereon is to be my responsibility, with the understanding that the State is not responsible for personal property in my possession. Lending, trading, giving or selling personal property is basis for confiscation of that property.

INMATE SIGNATURE _______ DATE 2-2-06

WITNESS SIGNATURE _______ DATE

| ITEM | Quant. | Color | Brand Name or description | Inmate Poss. | Traps | Sent Out | Inmate Signature |
|---|---|---|---|---|---|---|---|
| Pants (State) | — | | | | | | |
| Shirts (State) | — | | | | | | |
| Sneakers | 1 | Whi | N/B | | | | |
| Boots | 1 | TAN | | | | | |
| Shoes | — | | | | | | |
| Shower Shoes | 1 | | | | | | |
| Slippers | — | | | | | | |
| Undershorts | 2 | | | | | | |
| Undershirts | 1 | | | | | | |
| Socks | 2 | | | | | | |
| Thermal Bottoms | — | | | | | | |
| Thermal Tops | — | | | | | | |
| Sweat Pants | — | | | | | | |
| Sweat Shirt | 1 | | | | | | |
| Pajamas | — | | | | | | |
| Bathrobe | — | | | | | | |
| Towels | — | | | | | | |
| Face Cloths | — | | | | | | |
| Gym Shorts | — | | | | | | |
| Laundry Bag | — | | | | | | |
| Hat | — | | | | | | |
| Belt | — | | | | | | |
| Gloves | — | | | | | | |
| Eyeglasses | — | | | | | | |
| Sunglasses | — | | | | | | |
| Cup | — | | | | | | |
| Photos/Album | — | | | | | | |
| Mirror | — | | | | | | |
| Asst. Cosmetics | 1 | | | | | | |
| Legal Papers | 1 | | | | | | |
| Books/Magazines | 1 | | | | | | |

LAST NAME: LYONS

FIRST: OLIVER

M.I.: S

INMATE ID NO.: 91073

FACILITY: MAX

NH To KI 3/9/06

# NEW HAMPSHIRE STATE PRISON

## Property Inventory Form

Inmate Name: [illegible] No. 38734 Date: [illegible]

Unit From: ______ Unit To: [illegible] Reason: [illegible]

INVENTORIED BY: CO [illegible]
Print Name/Title

**Personal Property**

| | | | |
|---|---|---|---|
| | Television (1) | | Typewriter (1) |
| | Radio (1) | | Tape Player (1) |
| | Fan (1) | | Coffee/Hot Pot (1) |
| | Headphones (2) | | Lamp (1) |
| | Watch (1) | | Calculator (1) |
| | Cooler (1) | | Blow Dryer (1) |
| | Eyeglasses | | Sunglasses |
| | Electric Razor (1) | | Electric Ext. Cord (1) |
| | Cassette Tapes (25) | | Mirror (1) |
| | Sneakers (1) | 1 | Boots (1) |
| | Shower Shoes | | Slippers |
| | Sweat Shirt (2) | | Sweat Pants (2) |
| 9 | T - Shirts (7) | 1 | Undershorts (7) |
| 1 | Socks (6) | | Gloves (2) |
| | Towels (2) | | Face Cloths (2) |
| | Jock Strap | | Wrist/Head Bands |
| | Kufi | | Handkerchief |
| | Wedding Band (1) | | Religious Medal (1) |
| | Cup/Tumbler | | Other |
| | Other | | Other |
| | **STATE ISSUE** | | |
| | Pants Green (3) | | Shirts Green (3) |
| | T - Shirts (3) | | Undershorts (3) |
| | Socks (4) | | Gym Shorts (2) |
| | Blankets (2) | | Sheets (2) |
| | Pillow Case (1) | | Jacket (1) |
| | Hat (1) | | Poncho (1) |
| | Towels (5) | | Boots (1) |
| | Thermal Tops (2) | | Thermal Bottoms (2) |
| | | | |
| | Key: | | |
| | I.D. # | | |
| | Green Meds: | | |

**Toiletries/Canteen/Misc.**

| | | | |
|---|---|---|---|
| | Clippers (1) | | Tweezers (1) |
| | Hairbrush (1) | | Lotion (2) |
| | Comb (1) | | Cotton Swabs |
| | Toothbrush (2) | | Pads Paper |
| 2 | Toothpaste (2) | | Address Book |
| 5 | Shampoo (2) | | Binders |
| | Conditioner (2) | | Pens |
| [illegible] | Soap (3) | | Pencils |
| 1 | Soap Dish (1) | | Hi Liters |
| | Shaving Cream (2) | | Sewing Kit |
| 4 | Razors Disposal (10) | | Can Opener |
| 3 | Deodorant (2) | 1 | [illegible] |
| | After Shave (2) | [illegible] | toilet [illegible] |
| 1 | Powder | 1 | cream |
| | Foot Powder | 3 | clippers |
| | Combination Lock (1) | 1 | vitamins |
| | Playing Cards (2) | | legal work |
| | Photos/Album | | |
| | Postage Stamps (Set 40 Max) | | |

Property Released Date: 3-9-06

Received By: [illegible]

Reviewed By: [illegible]

ARRIVED AT MAX 3-9-06

# INMATE PROPERTY RECORD (SUPPLEMENTAL)

I acknowledge that all property listed hereon is to be my responsibility, with the understanding that the State is not responsible for personal property in my possession. Lending, trading, giving or selling personal property is basis for confiscation of that property.

INMATE SIGNATURE ______ DATE

Stimpson ______ 3-9-06

WITNESS SIGNATURE ______ DATE

| ITEM | Quant. | Color | Brand Name or description | Inmate Poss. | Traps | Sent Out | Inmate Signature |
|---|---|---|---|---|---|---|---|
| Pants (State) | X | | | | | | |
| Shirts (State) | X | | | | | | |
| Sneakers | X | | | | | | |
| Boots | 1 | TAN | | | | | |
| Shoes | X | | | | | | |
| Shower Shoes | X | | | | | | |
| Slippers | X | | | | | | |
| Undershorts | 1 | | | | | | |
| Undershirts | 2 | | | | | | |
| Socks | 1 | | | | | | |
| Thermal Bottoms | X | | | | | | |
| Thermal Tops | X | | | | | | |
| Sweat Pants | X | | | | | | |
| Sweat Shirt | X | | | | | | |
| Pajamas | X | | | | | | |
| Bathrobe | X | | | | | | |
| Towels | X | | | | | | |
| Face Cloths | X | | | | | | |
| Gym Shorts | X | | | | | | |
| Laundry Bag | X | | | | | | |
| Hat | X | | | | | | |
| Belt | X | | | | | | |
| Gloves | X | | | | | | |
| Eyeglasses | X | | | | | | |
| Sunglasses | X | | | | | | |
| Cup | X | | | | | | |
| Photos/Album | X | | | | | | |
| Mirror | X | | | | | | |
| Asst. Cosmetics | ✓ | RAZOR / slippers (2) | | | | | |
| Legal Papers | ✓ | | | | | | |
| Books/Magazines | X | | | | | | |

1 VITAMINS 1

| LAST NAME | FIRST | M.I. | INMATE ID NO. | FACILITY |
|---|---|---|---|---|
| LYONS | Oliver | | 91073 | MAX |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

v. C. A. NO. 05-433 ML

A. T. WALL, ET AL

**AFFIDAVIT OF SERGIO DESOUSAROSA**

1. I, SERGIO DESOUSAROSA, at all pertinent times was a Captain Correctional Officer posted at the Intake Service Center in Cranston, Rhode Island and do hereby depose and say:

2. On January 4, 2005, Plaintiff was being transported from the hospital area at the Intake Service Center back to his cell by Defendant Lombardi and myself.

3. During the transport, I noticed Inmate Curry approaching Plaintiff, I stepped between Plaintiff and Defendant Lombardi and prevented Inmate Curry from attacking and assaulting Plaintiff.

4. I blocked a punch thrown by inmate Curry, took control of his arm and subdued him; at the same time Defendant Lombardi ordered Plaintiff to the floor in an effort to protect him from a potential attack.

5. Because the Plaintiff did in fact drop to the floor upon being ordered, he alleged that he injured his leg or knee as a result.

6. Plaintiff was examined by medical staff subsequent to the incident relative to his complaint of injury.

7. Inmate Curry was in fact disciplined for attempting assault on Plaintiff and found guilty of the infraction.

8. The incident involving Inmate Curry and Plaintiff had nothing to do with the manner in which Plaintiff was handcuffed.

9. Whether the Plaintiff was handcuffed behind his back, in front of his body, or not at all, is immaterial to the incident that took place.

10. Plaintiff was not assaulted by inmate Curry during the incident in question.

Sergio DeSousarosa

Subscribed and sworn to before me, in Cranston, this 31 day of May 2006.

Notary Public
My Commission expires 3/28/2007
ID# 44568

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 05-433 ML

A. T. WALL, ET AL

**AFFIDAVIT**

I, Steven Lombardi, being duly sworn do hereby depose and say:

1. I am currently, and at all pertinent times concerning the instant action, served as a Correctional officer posted at the Intake Service Center of the Adult Correctional Institutions located in Cranston, Rhode Island;
2. On January 4, 2006, Plaintiff was being transported to the hospital area at the Intake Service Center from his cell by Captain DeSousarosa and myself;
3. During the transport, Captain DeSousarosa noticed inmate Curry approaching Plaintiff; the captain stepped in front of Plaintiff and myself and prevented inmate Curry from attacking and assaulting Plaintiff. Captain DeSousarosa tackled Inmate Curry to the floor to subdue him and at the same time I brought Plaintiff to the floor in an effort to protect him from a potential attack.
4. As a result, Plaintiff complained that he injured his leg or knee. Plaintiff was escorted to the hospital area for treatment.
5. On January 19, 2005, I drafted and delivered a memo to Lt. Bartholomy regarding Plaintiff where I indicated that on that date I had escorted the Law librarian to Plaintiff to see if he needed any law materials or photocopies made. Plaintiff indicated that he did not. <u>See</u> attached memo dated 1-19-05.
6. The attached memo is a true copy of the original that I initialed.

Steven R Lombardi

Steven Lombardi
Correctional officer/Intake Service Center

Subscribed and sworn to in Cranston, this 11th day of August, 2006.

Marcia Ann Croce
Notary Public
My Commission Expires 9-9-09.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTIONS INTER-OFFICE MEMO

**TO:** **Lt. Bartholomy** **DATE: 1/19/05**

**DEPT:** Corrections

**FROM: C.O. Lombardi** SRL

**DEPT:** Corrections

SUBJECT: Inmate Lyons

Sir, On above date and at approximately 9:10 a.m. the inmate law librarian (Tunstall, Donnell) was escorted to inmate Lyons' cell and asked if he needed any type of law material and or copies. He stated to me ***"no I'm all set".*** I asked him once again and once again he stated ***"no".*** I'm writing this in response to inmate Lyons' letter that was sent to Director Wall. Which stated he was being denied law library access.

C.C.
Deputy Caruso
Captain Clancy
Director Wall

PAGE 146362 in K-L Logbook

Affidavit

The undersigned attests under penalty of perjury that the enclosed amended Complaint and his Motion to amend Complaint was granted by Magistrate Hagopian and the Plaintiff was instructed to mail a copy of the Complaint CA No 04 380T to the Defendants Legal Council

May 2, 2006

Plaintiff Pro Se
Olney Lynn
P.O. BOX 8273
Cranston Rhode Island 02920

Sworn and subscribed to before me on this 2nd day of May 2006

Notary Public [signature]

my commission expires COMMISSION EXPIRES 9-22-09

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C.A. No. 04 - 380 T**

**ASHBEL T. WALL,** et al.

**ORDER**

Plaintiff's motion to amend his Complaint pursuant to Fed.R.Civ.P. 15 is hereby **GRANTED.** Plaintiff is directed to serve a copy of the Amended Complaint on the defendants' legal counsel in this matter, Michael B. Grant, Esq.

Jacob Hagopian
Senior United States Magistrate Judge
April 26, 2006

Rhode Island Hospital
*A Lifespan Partner*

# Surgical Services Booking Office

**PATIENT DATA:**

Name: Lyons, Oliver S. Gender: M ◯ F ◯ Date of Birth: 010150 Age: 55 Social Security: 035346477

Patient Address: POB 8273 City: Cranston State: RI Zip: 02920

Home Phone: 462-2267 Work Phone: Other Phone:

**SURGICAL INFORMATION:**

Surgery Date: Estimated Time of Procedure: 3 hrs Case No.:

Surgeon: Fadale/Langer Office Phone: 444-5662 Fax: 444-6243

Send Confirmation Email to:

Diagnosis: RIGHT ACL rupture and Med Meniscal Tear ICD# 717.83

Procedure: ACL recon with Allograft (Hamstring x 2) and menisectomy Side: RT: ◉ LEFT: ◯ BILATERAL: ◯ N/A: ◯

Comments:

**EQUIPMENT:**

Radiology: Choose One Table: Standard Other:

Implants: Miscellaneous: Standard Fadale Set Up

**ANESTHESIA:**

Type: General Position: Choose One Other:

Cell-Saver: Yes ◯ No ◯ Miscellaneous:

**SPECIAL PRECAUTIONS:**

Latex Allergy: Yes ◯ No ◉ Other:

**ADMISSION DATA:**

Type of Admission: Out-patient Site of Admission: Medical Mall

PCP:

Admission Date: Admission Time: Bed Request: Length of Stay:

Presurgical Evaluation: Yes ◯ No ◯ Date: POP Tour: Yes ◯ No ◯ Date:

**INSURANCE INFORMATION:**

Primary Insurance: Choose One Secondary Insurance:

Primary Insurance Subscriber: Policy # Phone:

Secondary Insurance Subscriber: Policy # Phone:

Workers' Compensation:

Employer: Phone: Date of injury:

Address:

Insurance Company: Phone:

Address

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

C. A. NO. 05-433 ML

v.

A. T. WALL, II, et al

**DEFENDANTS 12.1 STATEMENT OF UNDISPUTED FACTS**

Now come the Defendants and hereby submits the following statement of undisputed facts, pursuant to Local Rule 12.1:

1. Plaintiff, Oliver Lyons, at all pertinent times, was a Rhode Island penal inmate;

2. During the month of September, 2004, Plaintiff was housed at the High Security Center facility;

3. Plaintiff alleges that on September 2, 2004, he was attacked by another inmate and sustained a knee injury;

4. During the month of September, 2004, Plaintiff was, in fact, examined by Dr. Poshkus, a physician employed by the ACI, based on his statement that he used a razor belonging to another inmate who had Hepatitis C;

5. According to Plaintiff's ACI medical record, at no time between September, 2004 through December, 2004 did he ever notify any member of the ACI medical staff that he sustained an injury to his knees;

6. Plaintiff did not report or seek treatment for an injury to his knee in September of 2004.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 15 day of November, 2005, I mailed a true copy of the within Defendants 12.1 Statement of Undisputed Facts to Oliver Lyons, P. O. Box 8249, Cranston, R. I. 02920.

RHODE ISLAND DEPARTMENT
OF CORRECTIONS
NURSING CONTACT NOTES

NAME Lyons Olivier

DOB 4-1-50

S (subjective symptoms) O (objective findings)
A (assessment or impression) P (plan)
All entries must be signed, dated and timed.

| DATE & TIME | | ENTRY CODE SECURITY | |
|---|---|---|---|
| 11-12-04 | 10A | ISC | Released to infirmary — [illegible] |
| 11/15/04 | 9a | ISC | Seen by Dr Motala. Further to RIH [illegible] |
| 12/10/04 | 2135 | ISC | Inmate, in spite of receiving all his meds was verbally abusive in his cell @ 2100 toward this writer. Not happy with the amt of Amlactin lotion given. "Wouldn't state how much lotion he needed. Sufficient amnt given as this lotion is highly concentrated. Stated was writing a letter to the interim Medical Director "I'll have your job." Nasty, insolent, threatening, refused to redirect. Nancy [illegible] |
| 3-28-05 | 930 | Med | Seen by Dr Ochiundiba - further to Dr Barnard @ Knee - CXR painful ribs [illegible] |
| 3-29-05 | | MED | Seen by Dr Barnard (ortho) [illegible] |
| 5/31/05 | 4:30P | Med | Pt. states he has seen the dentist & has been having pain on the left side of his face & neck - Difficulty swallowing. Has not been eating for 2 days. Has been giving pt [illegible]. Will refer to physician for evaluation - [illegible] |
| 7-7-05 | 10AM | MED | Seen by Dr [illegible] |
| | | | [illegible] |
| 7/25 | 730 | | [illegible] |

# Rhode Island Hospital Emergency Department

593 Eddy Street, Providence, RI 02903 401-444-5411

Oliver S Lyons
Date of Birth: 1/1/1950
Date of Service: 11/15/2004
Seen By: Alice Haynes

**Diagnosis: Suspected Internal Knee Injury**

We suspect an injury to your cartilage or internal ligaments. An orthopedic specialist must investigate this further.

**Instructions**

1. Use crutches to protect the knee from further injury.
2. Avoid bending or placing any weight on the knee.
3. Apply ice packs.
4. Keep the knee elevated.
5. Follow up with the orthopedic specialist as instructed.
6. *Call your doctor or return to the Emergency Department right away* if there is severe swelling, severe pain, or any new symptoms while awaiting your exam.

**Medication Dosing Instructions:** The doctor has prescribed the following medication(s) for you:

- Ibuprofen 800 mg, 1 tablet(s) orally 3 times a day as directed.
- Hydrocodone and Acetaminophen (Vicodin) 5/500 mg, 1-2 tablet(s) orally every 4-6hrs as needed for pain.

Take your medication(s) as instructed. If your pharmacist–with the doctor's approval–needs to modify your prescription (generic substitution, strength, dosage, etc.), *follow the new instructions you receive from the pharmacist*. More information about each medication's purpose, side effects, and safety precautions may appear on upcoming pages.

**Special Instructions**

PATIENT NEEDS TO BE EVALUATED BY ORTHOPEDIC SURGEON. PLEASE CALL ORTHOPEDIC CLINIC FOR APPOINTMENT.

**Important:** Follow up with clinic, RI Hosp Orthopedics (see below). Return to the emergency department if you feel worse, develop new symptoms, or your doctor is not available. If you do not have a doctor, call the Lifespan Referral Network at 401-444-4800 for a referral.

11/16/04

- clinic, RI Hosp Orthopedics, , , 444-5662

Please notify your doctor that you were treated in the ED and take these instructions (and any lab results) with you when you see your doctor for follow-up care.

*"I understand the instructions received in the Emergency Department"*

Signed: ______________________________
*Patient or Responsible Person*

Witness: ______________________________
*Physician or Nurse*

Removed IV: ________
*Initials*

Badge: ________
*Initials*

I understand that the emergency care I have received is of an emergency nature and is not intended to be complete diagnostic or medical care. I have been instructed to contact a physician for continued medical care and diagnosis and I will do so. I have received a copy of these instructions. X-Ray reports which we give you during nights, weekends, and holidays are preliminary reports only. Your private physician will be notified if the Final Report shows any significant differences. TO OBTAIN YOUR X-RAYS, PLEASE CALL 401-444-4755.

**Please stop at Registration to complete your paperwork and return your black tracking badge before you leave the department. If you do leave the department with a badge, please call 401-444-5411 for instructions on how to return it.**

LC i

30

# THE MRI CENTER

B. B. MOTOLA, M.D.
FURLOUGH DESK/ISC PO BOX 8249
CRANSTON, RI 02920

**Patient:** OLIVER LYONS
**Patient ID:** 503043
**DOB:** 1/1/1950

**Location:** MRI CENTER OF CRANSTON
**Accession #:** 62803
**Exam Date:** 11/19/2004

Lyons 62803

**[illegible] KNEE MRI** Rt Knee

**CLINICAL HISTORY:**

Patient complains of left knee pain. History of prior torn ligaments.

**TECHNIQUE:**

Sagittal proton density and T2, coronal T1 and coronal and axial T2 weighted imaging with fat saturation was obtained.

**FINDINGS:**

Comparison is made with the prior exam on 11/14/01. In the posterior horn of the lateral meniscus, there appears to be a new focus of vertical linear signal extending from the superior corner to the outer third of the inferior articular surface (image 22 of series 4) which is most consistent with a new meniscal tear. The lateral compartmental cartilage appears intact. The LCL complex appears intact. There is some subtle bone marrow edema noted involving the lateral femoral condyle with a small, what appears to be an osteochondral defect. This may represent some osteochondritis dissecans (image 13 of series 6 and 7). Some subtle bone marrow edema of the posterolateral tibial plateau is also noted. Both these may represent valgus stress contusions.

The ACL has abnormal signal and indistinctness and is most consistent with either an advanced partial tear or near complete ACL tear. The bone marrow edema of the lateral femoral condyle and lateral tibial plateau most likely represent valgus stress contusions. There is also some subtle bone marrow edema of the proximal head of the fibula which is most consistent with a small bone contusion. The PCL appears to be intact.

In the posterior horn of the medial meniscus, there is some very subtle intrameniscal degenerative signal. There is no definite extension to an articular surface to suggest a tear. This is unchanged when compared to the prior exam. The MCL appears to be chronically thickened. The previously noted MCL tear appears to have healed with some chronic thickening. The medial compartmental cartilage appears to be intact.

The extensor mechanism appears intact. Again noted is some mild signal change noted of the lateral patellar facet cartilage and some subchondral degenerative bone marrow edema of the

11/23

lateral patellar facet. This is unchanged when compared to the prior exam and is consistent with some mild degenerative chondromalacia. A small joint effusion is noted. A tiny thickened medial plica is present. A small medial popliteal cyst is noted.

**CONCLUSION:**

1. Note is made of a new vertical tear of the outer third of the posterior horn of the lateral meniscus extending to the inferior articular surface.

2. Again noted is the advanced partial tearing, if not near complete tear of the ACL. This appearance is unchanged when compared to the prior exam. Also noted is the bone marrow edema of the lateral femoral condyle and lateral tibial plateau which most likely represent valgus stress contusions. There also appears to be a small osteochondral defect with irregularity of the lateral femoral condyle cartilage; possibly some repetitive valgus stress, although an early osteochondritis dissecans cannot be totally excluded.

3. There is a chronically thickened MCL which is most consistent with a healed MCL partial tear.

4. A small joint effusion is noted.

5. A tiny thickened medial plica is seen.

6. A small medial popliteal cyst is present.

7. There is some degenerative chondromalacia and degenerative bone marrow edema of the lateral patellar facet cartilage and patella.

8. Note is made of some subcutaneous soft tissue edema adjacent to the medial aspect of the knee which may represent some soft tissue hematoma/injury (image 14 of series 7, image 10 of series 3).

Thank you for the opportunity to participate in the care of your patient. We would be glad to answer any questions that you may have or review this study with you.

SK:jh

Electronically Signed
Stephen Karshbaum, M.D.
SK/jh

**Patient:** OLIVER LYONS **Accession #:** 62803

☐ Rhode Island Hospital
593 Eddy Street, Providence, RI 02903

☐ The Miriam Hospital
164 Summit Avenue, Providence, RI 02906

C 115031064 MR 09592320
TH 0
JNS, OLIVER S
FADALE, PAUL D MD
01/1950 055M DISAS
06/05 CEN
451 OP A02
12X 9273 CAT
02920

# Acknowledgement of Consent for Surgical or Other Procedure

You have the right to be informed about the surgical or other procedure which your physician recommends so that you can make an informed decision whether or not to undergo the procedure. The purpose of this form is to provide written acknowledgment of your consent.

1. I voluntarily authorize Dr. Fadale and assistants to perform the surgical or other procedure described below:

**Procedure to be Performed:** ACL reconstruction ~~left~~ Right knee with Allograft ? menisectomy

2. My condition and the above procedure have been described to me. Alternative treatments for my condition and the risks of alternative treatment or no treatment at all have been explained.

I understand that the administration of anesthesia, conscious sedation, medical and surgical procedures involve risks. These risks include allergic reactions, bleeding, blood clots, infections, adverse side effects of drugs, and even loss of bodily function or life. The possible need for blood transfusions was explained where appropriate, along with a discussion of the potential risks, benefits and alternatives to transfusion. I understand that there may be other unforeseen risks or complications of the procedure. I understand that there may be additional surgery or procedures which may be required, and I consent to those which in my physician's professional judgment are necessary.

I understand that this is a teaching facility and that the Hospital may use for teaching, research or scientific purposes, or may otherwise dispose of, tissue, fluids or organs removed during the procedure. I also acknowledge that residents and assistants designated by my physician may participate in the procedure and there may be other observers or vendors present.

I understand that I am under no obligation to proceed with the surgery or procedure until all requested information has been provided and all my questions have been answered to my satisfaction. I acknowledge that this has been done.

PATIENT'S NAME (PRINTED) ______ PATIENT'S SIGNATURE [signature]

PATIENT'S AGENT OR REPRESENTATIVE (IF PATIENT UNABLE TO CONSENT) ______ RELATIONSHIP TO PATIENT ______

DATE SIGNING 6/6, 20 05 TIME 2:00 A.M./P.M.

**Physician's Acknowledgment**

The undersigned confirms that informed consent, as described above, has been given by the patient. I have also discussed the possible need for blood transfusions including the potential risks, benefits and alternatives to transfusions and consent was obtained.

[signature]
PHYSICIAN'S SIGNATURE

NO-039/M399 Rev. 5/04

Rhode Island Hospital
A Lifespan Partner

AC 11503106 MR 05592320
0
ORTH
LYONS ,OLIVER S
XZO FADALE, PAUL D MD
01/01/1950 055M DISAS
06/06/05 CEN
A02 AC1 OP A02
P O BOX 5273 CAT
RI 02920
Addressograph Only

## Surgical Procedure Record (Page 1 of 2)

Name: ____

Date of Birth: ____

**Date of H&P:** ____ **Date of Procedure:** ____

**Pre Operative Diagnosis:** ACL rupture right knee + medial neural f

**Planned Procedure:** ACL reconstruction with allograft + arthroscopic debridement

Options, indications, risks & benefits discussed with patient or parent/guardian and **Consent Obtained:** ☐ Yes

### HISTORY

History of Present Illness: 55 ♂ with symptomatic Ⓛ ACL rupture + MNT

Significant Medical and/or Surgical History: HTN

Current Medications: ∅

Allergies: NKA Latex Allergy: ☑ Yes (no)

Type of Reaction: ____

Review of Systems: ☐ Relevant system review reveals no significant findings.

ROS findings: ____

### PHYSICAL EXAMINATION *All six elements are required. Check or describe if variation.*

Head and Neck: ☑ (no masses or bruits) ____ Abdomen: ☐ (no mass, non-tender) ____

Heart: ☑ (sinus rhythm, no murmur) ____ Neuro: ☐ (alert & oriented x 3) ____

Chest: ☐ (clear) ____ Extremities: ☐ (no edema, pulses intact) ____

Additional Findings: ____

Print Name: Langer Signature: [signature] MD

### REQUIRED UPDATE *for H&P not done on day of procedure*

*To be completed on day of procedure only*

*Check one line below as appropriate:*

☐ H&P are greater than 30 days old; H&P have been re-performed. ☐ No changes noted.

☐ H&P have been done within 30 days. ☐ No changes noted.

Changes: ____

Date: ____ Signature: ____ MD

*Date of procedure*

CC: 101-3121