**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C.A. No. 05 - 433 ML**

**A.T. WALL**, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Oliver Lyons, *pro se*, an lawfully confined inmate, filed a complaint pursuant to 42 U.S.C. § 1983 and named as defendants officials or employees at the Rhode Island Department of Corrections. In his complaint, plaintiff alleged a variety of claims. After some initial skirmishing, only two claims remain. First, plaintiff claims that defendants Barney, Raposa, and Delaney forced him to take cold showers, denied him access to legal materials, denied him outdoor recreation, and denied him reading material, in retaliation for a previous lawsuit he filed. Second, plaintiff claims that defendant Lombardi violated his Eighth Amendment right to be free from cruel and unusual punishment, arising from an attempted, but unsuccessful, attack by another inmate.

Currently before the Court are two motions of the *pro se* plaintiff for summary judgement, see Dckt # 18 & 36, and the

defendants' motion for summary judgement. See Dckt # 46. These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that plaintiff's two motions for summary judgement be denied, and defendants' motion for summary judgement be granted.

**Undisputed Facts**

The following are the undisputed facts, unless otherwise noted, gleaned from the parties' submissions that are relevant to the issues currently before the Court: [1]

Plaintiff is an inmate incarcerated at the Rhode Island Department of Corrections("RI DOC"), Adult Correctional Institutions("ACI"). Defendants Lombardi, Barney, Raposa, and Delaney are Correctional Officers at the RI DOC.

During the time relevant in the complaint, plaintiff was confined at the Intake Service Center ("Intake") at the ACI. When plaintiff was confined at Intake, inmates there "did not consistently receive hot showers as a result of the laundry

[1] Both plaintiff and defendants' submissions include references to facts and issues that are not relevant to this instant dispute. This case only has two issues that remain: First, whether defendant Lombardi violated plaintiff's Eighth Amendment rights, and second, whether defendants Barney, Raposa, and Delaney retaliated against the plaintiff. To the extent that both parties have presented other issues/facts to the Court, the Court has disregarded those issues/facts.

services performed." See Affidavit of Matthew Kettle, Dckt # 46-6, ¶ 2. Laundry services consumed a great quantity of hot water, which sometimes, left a deficiency. Notwithstanding the intermittent disruptions in hot water, inmates received regular showers. The RI DOC has since upgraded the hot-water system to alleviate this problem.

Additionally, the RI DOC confined the plaintiff in the segregation unit at Intake due to plaintiff's misbehavior. As a segregated inmate, Lyons could not freely move about the facility. Consequently, Lyons had to rely upon RI DOC personnel to retrieve legal materials from a "mobile cart." During the time at issue in the complaint, the undisputed facts demonstrate that plaintiff sought and received his personal legal file and legal books from RI DOC personnel. Plaintiff also sought and received photocopies of a complaint, waiver of summons forms, notice forms, affidavits, and notarized affidavits. Moreover, plaintiff even refused legal materials at one point. See Affidavit of Steven Lombardi, Dckt # 46-10, ¶ 5.

In November 2004 or January 2005 - the parties are in disagreement as to the precise date, defendant Lombardi and Captain De Sousarosa transported the plaintiff, who was handcuffed, to the hospital area of Intake. While en route, an un-cuffed Inmate - Inmate Curry, approached the plaintiff. When it became clear to Captain De Sousarosa that Inmate Curry was about to attack Lyons,

Captain De Sousarosa stepped between the plaintiff and Inmate Curry, blocking a punch by Curry and subduing him to the ground. Simultaneously, defendant Lombardi "brought Plaintiff to the floor in an effort to prevent him from a potential attack." See Affidavit Steven Lombardi, Dct # 46-10, ¶ 3. When Lombardi subdued the plaintiff to protect him, plaintiff either injured his knee or aggravated a pre-existing condition. Plaintiff was thereafter escorted to the hospital area for treatment. Inmate Curry was disciplined for attempting to assault the plaintiff.

Lyons has now brought suit against Lombardi, claiming that Lombardi violated the Eighth Amendment, arising from the assault by Inmate Curry. Plaintiff also contends that Barney, Raposa and Delaney retaliated against him, by committing various misdeeds, for filing a previous lawsuit. Both parties have moved for summary judgement.

**a. Summary Judgment Standard**

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Rule 56 has a distinctive set of steps. When requesting summary judgment, the moving party must "put the ball in play, averring 'an absence of evidence to support the nonmoving party's case.'" Garside, 895 F.2d at 48 (quoting Celotex v. Catrett, 477 U.S. 317, 325(1986)). The nonmovant then must document some factual disagreement sufficient to deflect brevis disposition. Not every discrepancy in the proof is enough to forestall summary judgment; the disagreement must relate to some issue of material fact. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986).

On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. See id. at 256-57. This evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). Evidence that is merely colorable or is not significantly probative cannot deter summary judgment. Anderson, 477 U.S. at 256-57.

**b. 42 U.S.C. § 1983**

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no dispute that the named defendants acted under the color of state law. Plaintiff contends that the undisputed facts demonstrate a violation of his constitutional rights. Defendants, on the other hand, contend that the undisputed facts demonstrate that no constitutional provisions were offended.

**1. First Amendment Retaliation Claims**

Lyons' first claim is brought under the First Amendment of the United States Constitution. Plaintiff asserts that defendants Barney, Raposa, and Delaney retaliated against him, by committing various misdeeds, because of a previous lawsuit that the plaintiff filed.

The First Amendment protects, *inter alia*, a citizen's right to petition the government. See U.S. CONST. amend. I. The right to

petition the government is "among the most precious of the liberties safeguarded by the Bill of Rights." United Mine Workers v. Illinois State Bar Ass'n, 389 U.S. 217, 222 (1967). Retaliation for the exercise of this right, or any constitutionally protected right, is itself a violation of the constitution actionable under 42 U.S.C. § 1983. White v. Napoleon, 897 F.2d 103, 111-112 (3rd Cir. 1990). Actions, which standing alone do not violate the constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. Thaddesu-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999)(en banc).

"There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). Only retaliatory conduct that would deter a similarly situated individual from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimus* and outside the ambit of constitutional protection. Moreover, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Prison officials have wide latitude in the control and discipline of inmates.

To surpass the summary judgement hurdle, Lyons must

demonstrate more than his personal belief that he is the victim of retaliation. Conclusory assertions of retaliatory motive and speculation are not sufficient to withstand summary judgement. Indeed, summary judgement is appropriate where proof of retaliation is based entirely on circumstantial evidence. See Colon v. Coughlin, 58 F.3d 865, 873 (2nd Cir. 1995)(citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2nd Cir. 1983).

Thus, Lyons must identify facts in the record which demonstrate that (1) he engaged in constitutionally protected conduct, (2) he suffered an adverse action, and (3) there was a causal connection between the constitutionally protected conduct and the adverse action, so that it can be said that the constitutionally protected conduct was a motivating factor for the adverse action. See Wheeler v. Natale, 178 F.Supp.2d 407, 410 (S.D.N.Y. 2001). Lyons must demonstrate that the retaliatory act would not have occurred "but for" the protected conduct. McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). The requirement of a "but for" showing together with the wide latitude afforded prison officials may make summary judgement particularly appropriate. Id.

Furthermore, even if the defendant had an impermissible reason for the alleged adverse action, if a separate, permissible reasons exists, the defendant will not be liable. See Graham v. Hendeson, 89 F.3d 75, 79 (2nd Cir. 1996); Golf v. Burton, 7 F.3d 734, 737 (8th Cir. 1993); Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.

1991).

**A. Protected Conduct**

Plaintiff must first demonstrate that he engaged in constitutionally protected conduct. Here, the undisputed facts demonstrate that Lyons filed suit in this court against the Rhode Island Department of Corrections and various prison officials and employees. It is well established that prisoners have a constitutional right of access to the courts grounded in the First Amendment's right "to petition the Government for a redress of grievances." See U.S. CONST. amend.I; see also Lewis v. Casey, 518 U.S. 343 (1996). Thus, plaintiff has a federally protected right to access the courts and, consequently, has satisfied the first hurdle to demonstrate a claim of retaliation.

**B. Adverse Action**

Next, Lyons must demonstrate that he has suffered an adverse action. An action is considered "adverse" for retaliation purposes if it would "deter a person of ordinary firmness" from the exercise of the right at stake. Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982). Plaintiff alleges in his complaint that the defendants forced him to take cold showers and denied him access to legal materials, books, magazines and outdoor recreation.

First, there is no dispute that all inmates housed in Intake faced the prospect of cold showers at times, due to internal problems at the facility. Second, the undisputed facts demonstrate

that the plaintiff had ample access to legal materials. Finally, plaintiff failed to demonstrate that he had a lack of a lack of magazines, books, or outdoor recreation.

Thus, notwithstanding the sporadic cold showers plaintiff faced, I find that plaintiff has failed to demonstrate a sufficiently "adverse" condition to come within the reach of a retaliation claim. Minor inconveniences -such as sporadic cold showers- are entirely *de minimis.* Plaintiff has failed to demonstrate any adverse condition or action that would "deter a person of ordinary firmness" from exercising his right to access the courts.

**C. Causal Connection**

Notwithstanding the lack of a sufficiently "adverse" action, I shall assume *arguendo* that Lyons sufficiently demonstrated an "adverse" action for retaliation purposes and discuss the final hurdle that he must surpass. As the third element, plaintiff must set forth evidence demonstrating a causal connection between his legal activities and the adverse action, so that it can be said that Lyon's constitutionally protected conduct was a motivating factor for the adverse action. Lyons must demonstrate that the retaliatory act would not have occurred "but for" his legal activities. McDonald, 610 F.2d at 18. In other words, Lyons must demonstrate that the adverse conduct was punishment for his legal activities. Lyons, however, has failed to set forth any evidence

necessary to sustain this hurdle.

As already mentioned, the undisputed facts demonstrate that all inmates house at Intake had a disruption in the supply of hot water at various times. Contrary to plaintiff's belief, no evidence demonstrates that plaintiff was singled out for intermittent hot showers. Indeed, no evidence suggests that defendants Barney, Raposa, or Delaney manipulated the water system at Intake to supply only the plaintiff with an occasional cold shower.

With respect to plaintiff's claim that he was denied legal materials, outside recreation, books, and magazines by the defendants, assuming *arguendo* that plaintiff properly demonstrated its accuracy, no evidence indicates that this was because of his legal activities. Plaintiff has adduced no evidence, other than his own speculation and innuendo. This is insufficient to surpass the defendants' motion for summary judgement.

In conclusion, I find that the plaintiff has failed to demonstrate an "adverse" condition or action within the meaning of a retaliation claim. I further find that, assuming *arguendo* that plaintiff had properly demonstrated an adverse condition or action, no evidence demonstrates that the plaintiff's legal activity was a motivating factor for any adverse condition or action. Accordingly, plaintiff's motions for summary judgement should be denied, and defendants' motion for summary judgement should be granted on this claim. I so recommend.

**2. Eighth Amendment Claim**

As plaintiff's second claim for relief, plaintiff contends that defendant Lombardi violated the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and can limit the type of punishment that is imposed. Ingraham v. Wright, 430 U.S. 651, 664 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitely v. Albers, 475 U.S. 312, 318-319(1986).

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause... ." Id. "The general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for the differences in the kind of conduct against which an Eighth Amendment objection is lodged." Id. at 320. What is required to establish the unnecessary and wanton infliction of pain varies according to the nature of the alleged Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9(1992).

Plaintiff alleges that Lombardi did not follow proper cuffing procedures, which, plaintiff contends, led to the attempted assault

by Inmate Curry. In order to demonstrate culpability on Lombardi's part, plaintiff must demonstrate that Lombardi acted with deliberate indifference. Deliberate indifference requires a state of mind akin to criminal recklessness; that Lombardi knew of and consciously disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825 (1994); Mahan v. Plymouth County House of Corrections, 64 F.3d 14 (1st Cir. 1995); Kogut v. Katz, 187 F.3d 622 (1st Cir. 1998).

Here, however, no evidence has been presented by the plaintiff indicating that the cuffing was improper in any manner, other than plaintiff's own conclusory speculation and innuendo. Moreover, no evidence exists that indicates that the manner in which the plaintiff was cuffed was the proximate cause of the attempted assault by Inmate Curry.

Assuming *arguendo* that Lombardi improperly handcuffed the plaintiff, no evidence has been presented with indicates that Lombardi was deliberately indifferent to plaintiff's safety. To the contrary, the undisputed facts demonstrate that Captain De Sousarosa placed himself in front of the plaintiff, blocking Inmate Curry's punch while defendant Lombardi simultaneously "brought" Lyons to the floor, in an effort to protect Lyons. No evidence demonstrates that Lombardi acted with a disregard for plaintiff's safety.

Without any evidence to demonstrate deliberate indifference on

Lombardi's part, plaintiff's motions for summary judgement should be denied, and defendants' motion for summary judgement should be granted. I so recommend.

**Conclusion**

For the reasons states above, I recommend that plaintiff's motions for summary judgement be denied, and defendants' motion for summary judgement granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st[t] Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
October 4 , 2006